[No. 49000–7.   En Banc.   March 24, 1983.]

CERTIFICATION FROM THE
UNITED STATES COURT OF APPEALS FOR
THE NINTH CIRCUIT
IN
JAMES R. ADKINSON, ET AL, *Appellants*, v.
DIGBY, INC., ET AL, *Appellees*.

*A. Lee Petersen,* for appellants.

*Chris J. Rigos, Nicholas C. Newman,* and *Lee, Smart, Cook & Martin, P.S., Inc.,* for appellees.

DIMMICK, J.—The following issue was certified by the United States Ninth Circuit Court of Appeals:

Is an action timely filed under RCW 4.16.170 if the complaint is filed on the last day permitted under the relevant statute of limitations and the defendant, although not served with process within 90 days thereafter, files a voluntary notice of appearance within those 90 days?

Our answer is no.

The stipulated facts reveal the following chronology:

October 6, 1976    Automobile accident involving the parties occurring on Interstate 5.

October 4, 1979    Plaintiffs' counsel sent a copy of complaint to defendants' insurance adjustor advising that service of process would be withheld until October 15 to allow for a response to a settlement proposal. When the adjustor received the complaint, he transmitted it to the home office.

October 5, 1979    Plaintiffs, Alaska residents, filed summons and complaint in the United States District Court for the District of Alaska pursuant to 28 U.S.C. §§ 1331–32.

October 6, 1979    Three years from the date of the accident. Applicable statute of limitation period ends. RCW 4.16.080.

October 19, 1979    Defendants' insurance adjustor wrote plaintiffs' counsel informing him that steps toward effecting out-of-state service on defendants should be undertaken.

November 7, 1979    Defendants' attorney filed a Notice of Appearance which specifically stated that they entered their appearance

"without waiving objections to proper service or jurisdiction, or venue".

January 5, 1980    Ninety days after filing of the complaint.

January 21, 1980    Defendant Digby, Inc., served.

February 12, 1980    Defendant Harley Lee served.

On defendants' motion for summary judgment the District Court determined that Washington law applied and that plaintiffs had failed to comply with RCW 4.16.170 in that they did not serve process on defendants within the time prescribed. Thus, the statute of limitations was not tolled and plaintiffs' action was time barred. The court also determined that defendants were not equitably estopped from pleading the statute of limitations. Judgment of the District Court was then appealed to the Ninth Circuit Court of Appeals.

RCW 4.16.170 provides in pertinent part:

> For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint. If . . . following filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations.

Filing the summons and complaint *and* service upon at least one defendant must occur within the 90 days before the statute of limitations is tolled. *Seamans v. Walgren,* 82 Wn.2d 771, 514 P.2d 166 (1973). Both must occur or the suit is a nullity. *Citizens Interested in Transfusion of Yesteryear v. Board of Regents,* 86 Wn.2d 323, 544 P.2d 740 (1976).

Service was not made on defendants in the instant case until after the 90-day period had passed. Plaintiffs contend that regardless of this fact their suit should not be dis-

missed. They argue that defendants, by filing a notice of appearance, waived any objections based upon RCW 4.16-.170 and the statute of limitations.

Plaintiffs rely upon RCW 4.28.020 which provides in part: "A voluntary appearance of a defendant is equivalent to a personal service of the summons upon him." This portion of RCW 4.28.020 has, however, been superseded by CR 4(d)(5),[1] which provides:

> A voluntary appearance of a defendant does not preclude his right to challenge lack of jurisdiction over his person, insufficiency of process, or insufficiency of service of process pursuant to Rule 12(b). [CR 12(b) provides that a party may make some defenses including those based on lack of jurisdiction and insufficient service of process by motion.]

An untimely service of process is necessarily insufficient; thus the rule is applicable. The notice of appearance entered by defendants does not preclude them from challenging the insufficient service of process.

To hold otherwise would require us to ignore our civil rules as well as reestablish a long–abolished distinction between special and general appearances. Former practice in federal courts required a defendant to specially appear in order to attack a court's jurisdiction over him. If he entered a general appearance, he was deemed to have submitted fully to the court's jurisdiction. That practice, criticized as an "ancient abracadabra of the law," *Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 139 F.2d 871, 874 (3d Cir. 1944), was abolished by the adoption of Federal Rule of

---

[1]CR 81 provides:

"(a) To What Proceedings Applicable. Except where inconsistent with rules or statutes applicable to special proceedings, these rules shall govern all civil proceedings. Where statutes relating to special proceedings provide for procedure under former statutes applicable generally to civil actions, the procedure shall be governed by these rules.

"(b) Conflicting Statutes and Rules. Subject to the provisions of subdivision (a) of this rule, these rules supersede all procedural statutes and other rules that may be in conflict."

This is not a special proceeding. Thus, pursuant to CR 81(b), CR 4(d)(5) supersedes that conflicting statute and governs this civil action.

Civil Procedure 12. A voluntary appearance does not waive any objection to the court's jurisdiction. 2A J. Moore, *Federal Practice* ¶ 12.12 (2d ed. 1982). CR 12 is patterned after Federal Rule of Civil Procedure 12 and thus there is no distinction between special and general appearances under our rules of procedure. In addition, our rule CR 4(d)(5) by its very terms does not preclude a defendant who files a voluntary appearance from challenging the court's jurisdiction, insufficiency of process, or the insufficiency of the service of process.

Our holding is in accord with *Matthies v. Knodel,* 19 Wn. App. 1, 573 P.2d 1332 (1977). The *Matthies* court held there was no waiver of the statute of limitations defense where plaintiff served but failed to file process within the 90 days even though a notice of appearance was filed.

WILLIAMS, C.J., and ROSELLINI, STAFFORD, UTTER, BRACHTENBACH, DOLLIVER, DORE, and PEARSON, JJ., concur.

Reconsideration denied May 12, 1983.