[No. 14574–6–I.   Division One.   April 28, 1986.]

SAM DERENDY, *Appellant,* v. KAREN KAY KUMBERA, ET AL, *Respondents.*

486

*Charles L. Smith,* for appellant.

*Kenneth LeMaster* and *Donald Buehler,* for respondents.

SWANSON, J.—Sam Derendy, plaintiff below, appeals a summary judgment order dismissing his personal injury action against the defendants, Karen Kumbera and Lawrence Keith.

The following chronology of events is uncontroverted:

November 13, 1980  Automobile accident involving appellant Derendy's vehicle and a vehicle driven by respondent Kumbera and owned by respondent Keith.

November 8, 1983  Derendy files summons and complaint in King County Superior Court.

November 13, 1983  Expiration of 3–year statute of limitations, RCW 4.16.080(2), for personal injury actions.

January 20, 1984  Counsel for defendants enters a notice of appearance on behalf of both defendants, without waiving objections

| | to improper service. |
|---|---|
| February 6, 1984 | 90–day period following filing date expires. |
| February 7, 1984 | Service by mail in lieu of publication ordered. Summons and complaint deposited in mail to defendants' last known address. |
| February 9, 1984 | "A.L. Keith" signs return receipt for summons and complaint sent to Lawrence Keith. |

The defendant's motion for summary judgment citing plaintiff's failure to comply with RCW 4.16.170 was granted on March 9, 1984, and an order was entered, dismissing plaintiff's cause of action.

Derendy contends that RCW 4.16.170, which provides that a defendant must be served by process within "90 days" of the filing of a complaint, should be interpreted to mean (1) that the statute of limitations should be extended by 90 days; or (2) that "90 days" should be read as "three calendar months." We disagree and affirm the trial court.

A civil action is commenced by service of a summons and complaint or by filing a complaint. CR 3(a). "An action shall not be deemed commenced for the purpose of tolling any statute of limitations except as provided in RCW 4.16-.170." CR 3(a). RCW 4.16.170 provides in pertinent part:

> For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication *within ninety days* from the date of filing the complaint. . . . *If* following service, the complaint is not so filed, or following filing, *service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations.*

(Italics ours.)

█ Thus, "[a]n action tentatively commenced by filing a

complaint must be perfected within 90 days from the date of filing by personal service or by the commencement of service by publication." *Citizens Interested in the Transfusion of Yesteryear v. Board of Regents,* 86 Wn.2d 323, 329, 544 P.2d 740 (1976); *see also Adkinson v. Digby, Inc.,* 99 Wn.2d 206, 208, 660 P.2d 756 (1983); *Seamans v. Walgren,* 82 Wn.2d 771, 776, 514 P.2d 166 (1973); *Fox v. Groff,* 16 Wn. App. 893, 895, 559 P.2d 1376 (1977); *Hansen v. Watson,* 16 Wn. App. 891, 893, 559 P.2d 1375 (1977); CR 6. "Both must occur or the suit is a nullity." *Adkinson v. Digby, Inc., supra; see also Citizens Interested.*

It is uncontroverted that Derendy filed his summons and complaint on November 8, 1983. At that time the cause of action was tentatively commenced but had to be perfected by service of process within 90 days, that is, by February 6, 1984. It is also uncontroverted that service of process was not obtained by this date. Consequently, by the plain language of RCW 4.16.170, "the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations." The statute of limitations on the underlying personal injury action therefore expired on November 13, 1983.

■ *Adkinson v. Digby, Inc., supra,* provides no support for Derendy's contentions that RCW 4.16.170 should be construed to extend the statute of limitations itself by 90 days or that "90 days" means "three calendar months." Although the court in *Adkinson* set forth a chronology of events indicating the time period from October 5, 1979, to January 5, 1980, was "90 days," rather than 92 days, *Adkinson,* at 207–08, the only issue before it, certified by the Ninth Circuit Court of Appeals, was whether the statute of limitations was tolled by a defendant's voluntary notice of appearance. In any event, service of process was several weeks late no matter how the period was calculated. *Adkinson,* at 208. When the time period has been of concern, our Supreme Court has counted 90 days as 90 days. *See Citizens Interested,* at 329–30 (period from August 13, 1974, to November 11, 1974, calculated as 90 days).

Judgment affirmed.

WILLIAMS, J., and REVELLE, J. Pro Tem., concur.

Review denied by Supreme Court July 8, 1986.