Argued and submitted December 11, 1998, reversed and remanded June 2, petition for review denied November 30, 1999 (329 Or 527)

Amando G. BENAVIDEZ,
*Appellant,*

*v.*

Angie BENAVIDEZ,
Orin L. Newkirk and Terry Newkirk,
*Defendants,*

*and*

Crystal Rose NEWKIRK,
*Respondent.*

(97C-13045; CA A101104)

984 P2d 307

William A. Henderson argued the cause and filed the briefs for appellant.

Larry Dawson argued the cause and filed the brief for respondent.

Before De Muniz, Presiding Judge, and Haselton and Linder, Judges.

HASELTON, J.

**HASELTON, J.**

Plaintiff appeals a judgment dismissing his personal injury claim, ORCP 21 A(2), because of failure to adequately serve defendant, Crystal Newkirk,[1] within 60 days of filing the complaint. ORCP 7; ORS 12.020. Plaintiff asserts that the trial court erred in concluding that plaintiff's method of service was inadequate and contends that that service satisfied the requirements of ORCP 7 D(1) because it was reasonably calculated to apprise defendant of the pendency of the action. We reverse and remand.

For the purposes of this appeal, the material facts are undisputed: On September 4, 1995, plaintiff was injured in an automobile accident involving defendant. At the time of the accident, defendant was 16 years old and lived with her parents at their family home in Hubbard, Oregon. Defendant provided that address in the police accident report, which also indicated that her parents, Orin and Terry Newkirk, were the registered owners of the car she was driving.

On March 25, 1997, plaintiff's attorney obtained defendant's records from the Department of Transportation, Motor Vehicles Division (MVD), which listed defendant's address as the family home in Hubbard. On May 17, 1997, defendant married and moved with her husband into an apartment in Hillsboro. In early or mid-June, defendant notified MVD of her change of address.

On September 2, 1997, two days before the two-year statute of limitations expired, plaintiff filed a complaint against defendant and defendant's parents, alleging negligence. Plaintiff then attempted to serve defendant within the 60-day time period permitted by ORS 12.020(2). Specifically, on September 9, plaintiff's process server, without again checking the MVD records, went to the family home in Hubbard for the purpose of serving defendant and her parents. There, the process server met defendant's father and advised him that his purpose was to serve "Crystal Rose Newkirk,

---

[1] The original complaint named four defendants, including Crystal Newkirk, the driver of the vehicle, and her parents, Orin and Terry Newkirk, the registered owners of the vehicle. Our reference to "defendant" is to Crystal Newkirk, the only defendant-respondent on appeal.

Orin L. Newkirk, and Terry Newkirk." He then asked if all three lived there. Although defendant was, in fact, living in Hillsboro with her husband, defendant's father told the process server that she was living with her parents. The process server then personally served defendant's father, served Terry Newkirk by substituted service upon defendant's father, and attempted service on defendant by substituted service upon defendant's father.

Defendant's father did not give defendant the summons and complaint. Instead, he deliberately concealed the lawsuit from her because she was in the late stages of a difficult pregnancy and he was concerned about her health. That same day, the process server mailed the required follow-up correspondence for substitute service to defendant at the Hubbard address. ORCP 7 D(2)(b).

There is no evidence that defendant had actual notice of the pendency of the action within 60 days from the filing of the original complaint.

On November 20, 1997, more than 60 days after plaintiff's filing of the complaint, defendant moved to dismiss the action against her for lack of personal jurisdiction based on inadequate service of process. The trial court granted that motion and entered an ORCP 67 B judgment for defendant.

On appeal, plaintiff asserts that the dismissal was erroneous because, given what the process server knew at the time of service, service was "reasonably calculated * * * to apprise the defendant of the existence and pendency of the action." ORCP 7 D(1). Defendant responds that plaintiff's attempted service, even if it might otherwise have been "reasonably calculated" to apprise defendant of the action, was insufficient as a matter of law because she never received actual notice of the pendency of the action.

■ In determining the sufficiency of service, we apply the two-part analysis originally set forth in *Baker v. Foy,* 310 Or 221, 224-29, 797 P2d 349 (1990). First, if plaintiff accomplishes service in accordance with one of the specific methods identified in ORCP 7, then service is presumptively adequate. If nothing in the record overcomes that presumption, then the inquiry ends. Second, if plaintiff does not accomplish

service on defendant by one of those specific methods, the court must determine whether the manner of service satisfies the general provisions of ORCP 7 D(1), which sets forth a "reasonable notice" standard for determining adequate service of summons:

> "Summons shall be served * * * in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend."

Plaintiff concedes that he did not satisfy *Baker's* first alternative—*i.e.*, he did not accomplish service by one of the specified, presumptively valid, methods.[2] Consequently, the only question is whether the service nevertheless satisfied the "reasonably calculated * * * to apprise" standard of ORCP 7 D(1).

Plaintiff argues that, under the totality of the circumstances, service was reasonably calculated to apprise defendant of the pendency of the action. Plaintiff emphasizes the following facts: (1) in March 1997—only five months before he attempted service—he conducted an inquiry through MVD that indicated that defendant listed the family home in Hubbard as her address; (2) the process server was told by defendant's father that defendant lived in the family home; and (3) there was no reason to doubt defendant's father's statement. Plaintiff asserts that those facts are analogous to those in *Beckett v. Martinez,* 119 Or App 338, 343, 850 P2d 1148, *rev den* 317 Or 583 (1993), and contends "[t]he import of the *Beckett* decision is that even a deceived plaintiff may still have valid service" if, given what the process server knew at the time of service, the manner of service was reasonably calculated to give defendant notice of the action.

In *Beckett*, the process server had attempted to serve the defendant by substituted service on her grandmother at her grandmother's residence. However, substituted service

---

[2] The process server had attempted substituted service on defendant's father, one of the presumptively valid methods of service under ORCP 7 D(2). ORCP 7 D(2)(b). However, plaintiff concedes that the requirements of substituted service were not met because the family home was not defendant's "dwelling house or usual place of abode" at the time of service as required by ORCP 7 D(2)(b).

was deficient because, at the time of service, the grandmother's house was not the defendant's usual place of abode. Although it was uncontroverted that the defendant listed that residence as her address for purposes of her automobile registration, driver's license and tax, college and employment records, she had only resided there for a period of a few months before leaving to attend college. The process server averred that she had asked the grandmother if the defendant lived with her and that the grandmother stated that she did. The grandmother averred that the process server did not ask her whether the defendant resided with her but that, instead, she told the process server that the defendant had lived with her only temporarily during the previous spring and summer before leaving for college. The trial court dismissed, holding that service was inadequate.

■    On appeal, we agreed with the trial court that substituted service had not been effected, but we reversed and remanded for further findings with respect to the adequacy of service under ORCP 7 D(1):

> "There remains an unresolved dispute concerning what the process server knew of defendant's whereabouts at the time of service. That fact is material to the second question posed by the statute, as articulated by the Supreme Court in *Baker*, whether the manner of service was reasonably calculated to give defendant notice of the action. * * * It is the trial court's responsibility to resolve that dispute and to consider, in the first instance, whether, in the light of what the process server knew at the time of service, the manner of service was reasonably calculated to give defendant notice of the action." 119 Or App at 343 (citation and footnote omitted).

Thus, under *Beckett*, a close relative's representations (or misrepresentations) about a party's residence are material to, but not necessarily conclusive of, the "reasonably calculated to apprise" inquiry.

■    We conclude that, in this case, service based on the combination of defendant's father's representations[3] and the

---

[3] There is no suggestion in this record that the process server had any reason to doubt the father's veracity.

MVD records check five months before the service was sufficient to satisfy ORCP 7 D(1). We do not suggest that the record check alone would be sufficient, particularly given the interval between the receipt of that information and the attempted substituted service. *See, e.g., Thoenes v. Tatro,* 270 Or 775, 788, 529 P2d 912 (1974); *Pham v. Faber,* 152 Or App 634, 644, 955 P2d 257, *rev den* 327 Or 484 (1998).[4] Nor do we decide, or need to decide, that the father's representations alone would be sufficient. Rather, the cross-corroboration of the two—the objective, but somewhat dated, MVD address[5] and the father's explicit representation that defendant still lived with her parents—would, in fact, lead any reasonable person to believe that defendant did, in fact, live at the Hubbard residence. That plaintiff could have pursued additional steps to verify defendant's residence—*e.g.,* a more recent reconfirmation with MVD—does not alter the essential reasonableness of the process server's belief.

Defendant contends, nevertheless, that, even if service was reasonably calculated to apprise her of the action, without actual notice, service was inadequate. Specifically, defendant argues:

> "Where the defendant was not actually served with summons by *any* method * * * and where the defendant was not given reasonable notice of the existence of the action, the defendant is not subject to the court's jurisdiction, even though the plaintiff attempted to serve the summons by a method reasonably calculated to apprise the defendant of the existence of the action." (Emphasis defendant's.)

We disagree.

■     Under the general provisions of ORCP 7 D(1), where notice is otherwise reasonably calculated to apprise the defendant of the pendency of the action, failure of the defendant to receive actual notice is not dispositive of the question

---

[1] *See also Paschall v. Crisp,* 138 Or App 618, 624-25, 910 P2d 407 (1996) (service on the defendant's brother not reasonably calculated to notify the defendant where the brother told the process server that the defendant no longer lived at that address, refused to say where the defendant lived, and the plaintiff had no other information at that time that reasonably could have led him to believe that the defendant would receive the documents).

[5] As noted, that address corresponded to the information that defendant provided at the time of the accident.

of adequacy. Rather, the inquiry, under all circumstances, is the "reasonableness" of the means used. Our courts have never held, as defendant contends, that lack of receipt of actual notice makes service *per se* constitutionally inadequate.

In *Lake Oswego Review v. Steinkamp,* 298 Or 607, 695 P2d 565 (1985), the Supreme Court stated that the basic standard of adequate notice in ORCP 7 D(1) does not presume actual notice but, in fact, is based on the premise that a defendant may *not* receive actual notice of the action. 298 Or at 614 ("ORCP 7 does not require that actual notice be provided defendant by plaintiff."). Similarly, in *Jordan v. Wiser,* 302 Or 50, 726 P2d 365 (1986), the court quoted with approval the following observation by Professor Merrill: "Adequate service of a summons does not require that the defendant actually receive notice, but only that summons be served in a manner reasonably calculated to give notice." 302 Or at 59 (quoting F. Merrill, *Jurisdiction and Summons in Oregon* § 2.01 at 140 (1986)). *See also Baker,* 310 Or at 227 ("[A]ctual notice by itself does not necessarily constitute adequate notice and adequate notice does not require actual notice.").

Reversed and remanded.