33 P.3d 427 (2001)
108 Wash.App. 963
Wendy Irene GEREAN, a single woman, Appellant,
v.
Lisa MARTIN-JOVEN and John Doe Martin-Joven, wife and husband; individually and the marital community composed thereof, Respondents.
No. 19708-5-III.
Court of Appeals of Washington, Division 3, Panel Four.
October 30, 2001.
*428 Lloyd A. Herman, Lloyd A. Herman & Associates P.S., Spokane, for Appellant.
Timothy P. Cronin, Steven M. Cronin, Mullin, Cronin, Casey & Blair, Spokane, for Respondents.
SWEENEY, A.C.J.
The court dismissed Wendy Gerean's civil action for damages against Lisa Martin Joven for insufficient service of process. The three-year statute of limitation had run. The question here is whether service of the summons on Ms. Martin Joven's father at his home in Deer Park is sufficient if the father delivered the papers to her in Walla Walla, where she lives. We agree with the trial court that the service was insufficient.
Ms. Gerean also argues that Ms. Martin Joven waived the defense or should be equitably estopped from asserting it. We reject both of these assertions and affirm the trial court's dismissal of the action.

FACTS
On December 21, 1996, Wendy Gerean and Lisa Martin Joven were involved in a two-car *429 collision in Spokane. Ms. Martin Joven was then living with her parents in Deer Park while her husband was overseas on military service.
Three years later, on December 17, 1999, Ms. Gerean sued for damages, alleging that Ms. Martin Joven failed to stop at a stop sign. On January 2, 2000, Ms. Gerean's process server went to the Deer Park address and left copies of the summons and complaint with Jim Martin, Ms. Martin Joven's father.
Ms. Martin Joven had moved, however, with her husband to Walla Walla in January 1999, a year before the attempted service. She has lived there continuously ever since.
The day following the attempted service, Mr. Martin was in Walla Walla on business and gave the papers to Ms. Martin Joven at her home.
On January 6, 2000, Ms. Martin Joven's lawyer filed a notice of appearance, reserving all defenses. He sent a copy of the notice to Ms. Gerean's lawyer and requested a copy of the affidavit of service. Ms. Gerean's lawyer did not respond. On January 10, Ms. Gerean's lawyer filed an affidavit of service stating that the process server left the papers with Ms. Martin Joven's father at the father's address and that this was Ms. Martin Joven's usual place of abode.
Mr. Martin testified by affidavit that he was asked only if his daughter was there, and answered, "no." Mr. Martin said that when he asked why the visitor was looking for his daughter, the process server did not answer but handed the documents to him and left.
On March 17, the 90-day period for perfecting service expired.
On April 6, Ms. Martin Joven sent a single interrogatory to Ms. Gerean and a single request for production of documents relating to the procedures used in serving the summons and complaint.
On April 21, Ms. Martin Joven filed an answer to the complaint asserting the affirmative defense of improper and untimely service.
On May 11, Ms. Gerean filed an amended affidavit of service. This affidavit said the process server asked if Ms. Martin Joven was at home and that Mr. Martin told him she was not but would return later in the day.
On May 25, Ms. Gerean's counsel responded to the interrogatory, and sent Ms. Martin Joven's lawyer copies of the original and amended affidavits of service.
On June 14, Ms. Martin Joven filed a summary judgment motion to dismiss based on insufficient service.
At the hearing on the motion, Ms. Gerean proposed that service was sufficient under one of two theories: accidental personal service (Report of Proceedings (RP) at 15), and substitute service by estoppel (RP at 16-17). The court found that neither personal nor substitute service had been effected and dismissed the action. The court denied Ms. Gerean's motion for reconsideration. Ms. Gerean appeals.

STANDARD OF REVIEW
Summary judgment is proper when there is no disputed material fact and the moving party is entitled to judgment as a matter of law. We conduct the same inquiry as the trial court, viewing the evidence in the light most favorable to the nonmoving party. Lewis v. Bours, 119 Wash.2d 667, 669, 835 P.2d 221 (1992).

STATUTE OF LIMITATIONS
The plaintiff in a civil action for damages must commence the action within three years. RCW 4.16.080. An action is deemed commenced against a Washington resident when the complaint is filed or the summons is served, whichever occurs first. If filing of the complaint precedes service of the summons, "the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint." RCW 4.16.170.
Ms. Gerean contends that, by setting in motion a series of events that culminated in Ms. Martin Joven receiving the summons, she complied with the statute.

*430 PERSONAL SERVICE
Personal service is accomplished in one of two ways: either by delivering a copy of the summons to the defendant herself, or by leaving a copy (1) at the defendant's usual abode (2) with some person of suitable age and discretion (3) then resident therein. RCW 4.28.080(15); Vukich v. Anderson, 97 Wash.App. 684, 687, 985 P.2d 952 (1999); Lepeska v. Farley, 67 Wash.App. 548, 551, 833 P.2d 437 (1992).
All three elements of substitute personal service must be satisfied. Wichert v. Cardwell, 117 Wash.2d 148, 150, 812 P.2d 858 (1991). The term "usual abode" means a center of the defendant's domestic activity such that service on a family member there is reasonably calculated to come to the defendant's attention. Sheldon v. Fettig, 129 Wash.2d 601, 610, 919 P.2d 1209 (1996). A "person of suitable age and discretion" is not defined. But the qualifications of the recipient are immaterial, however, unless service is left at the place of usual abode with a person then resident therein. Wichert, 117 Wash.2d at 153, 812 P.2d 858. The phrase "then resident therein" means just what it says. The word "then" means at the time of service; "therein" means the defendant's usual abode. Id. at 151, 812 P.2d 858. Wichert relaxed the definition of a person "then resident" to include a visiting family member, but "therein" still means the defendant's usual abode. Id. at 152, 812 P.2d 858.
Ms. Gerean does not dispute that Ms. Martin-Joven had lived in Walla Walla for a year before the attempted service. She thus concedes that Deer Park was not the defendant's usual place of abode. She nevertheless contends that Ms. Martin-Joven was personally served. "[W]e served it on the person the statute provides for." RP at 9. "If you read the statute, a person of suitable age and discretion gave her the documents."
RP at 15. Her argument depends on selective mixing and matching of the statutes and civil rulesa mix and match with which we disagree.
Ms. Gerean reasons that RCW 1.12.010[1] requires that statutes be liberally construed. In particular, RCW 4.28.080[2] is to be liberally construed. Wichert, 117 Wash.2d at 156, 812 P.2d 858. This means that delivery of process does not have to be in a manner enumerated in the service statute so long as due process is satisfied. Thayer v. Edmonds, 8 Wash.App. 36, 41-42, 503 P.2d 1110 (1972).
Ms. Gerean goes on to note that, while the statute does not say who must deliver the summons, this information is found in CR 4(c): Valid personal service can be effected by "any person over 18 years of age who is competent to be a witness in the action, other than a party." She argues that the language of the rule, unlike the statute, is strictly construed. "Any person" means just that any person. Roth v. Nash, 19 Wash.2d 731, 734-35, 144 P.2d 271 (1943).
Ms. Gerean reasons that a copy of the summons was left at the defendant's place of abode in Walla Walla by her father. The father is a person over 18 years of age, competent, and a non-party. Nothing in CR 4(c) would therefore preclude Mr. Martin from effecting service.
But the rule goes on to require that personal service within the state must comply with RCW 4.28.080. CR 4(d)(2). And RCW 4.28.080 requires that the person receiving the documents, if not the defendant herself, must be served at the defendant's abode while currently residing there.
Ms. Gerean's general observation is correct that constitutional due process is satisfied when the plaintiff employs a method reasonably calculated to inform the defendant *431 of the lawsuit. Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950); Thayer, 8 Wash.App. at 40, 503 P.2d 1110. But this general constitutional observation ignores specific statutory requirements for effecting service on an individual defendant in Washington. And Ms. Gerean makes no argument that these statutory requirements are unduly burdensome or unconstitutional.
Ms. Gerean cites also to an Oregon case for a "totality of the circumstances" approach. Benavidez v. Benavidez, 161 Or. App. 73, 76-77, 984 P.2d 307 (citing Baker v. Foy, 310 Or. 221, 224-29, 797 P.2d 349 (1990)), review denied, 994 P.2d 128 (Or. 1999). Under the totality of the circumstances here, Ms. Gerean contends, Ms. Martin-Joven was served in a manner reasonably calculated to give her notice. But this is not Oregon. Washington law is well settled that process not handed to the defendant in person must be left at her "center of domestic activity" to be deemed reasonably calculated to effect actual notice. Vukich, 97 Wash. App. at 691, 985 P.2d 952.
On essentially identical facts, service on a parent at the parent's home when the defendant maintained his own separate home was held insufficient, notwithstanding the fact that the defendant had actual notice. Lepeska, 67 Wash.App. at 551-52, 833 P.2d 437.
Ms. Gerean also relies on Thayer v. Edmonds. But Thayer is distinguishable. There, the process server obtained the defendant's prior permission to leave the papers in the defendant's door. Thayer, 8 Wash.App. at 38, 503 P.2d 1110. No such arrangement is alleged here. Similarly, in Benavidez, the plaintiff checked the defendant's address with the Motor Vehicles Division of the Department of Transportation five months before attempting service. And the father deliberately concealed the lawsuit from the defendant. Benavidez, 161 Or.App. at 75-76, 984 P.2d 307. Here, Ms. Gerean made no attempt to update the correct address, and that there was no deliberate concealment is apparent from the father's delivery of the papers.
The argument that defective substitute service is cured if the summons is fortuitously delivered by a person who is over the age of 18 and not a party to the lawsuit boils down to the argument that actual notice should be sufficient. But the cases in this state are clear: actual notice does not constitute sufficient service. Thayer, 8 Wash.App. at 40, 503 P.2d 1110. Proper service requires actual service on the defendant or at her abode, not at an unverified address where she lived three years earlier.
The court, therefore, correctly concluded that any factual dispute about the exchange between Mr. Martin and the process server is immaterial.
Liberal construction does not mean abandoning the statutory language entirely. Salts v. Estes, 133 Wash.2d 160, 162, 943 P.2d 275 (1997). Even the most liberal construction of the statute cannot bring this service within its terms. Ms. Gerean did not accomplish service either in person or by substitution. The fortuitous delivery of process by the defendant's father did not constitute valid service.

WAIVER
Ms. Gerean next contends that, even if service was improper, Ms. Martin-Joven waived the right to assert this defense by her tardiness in alerting Ms. Gerean to any deficiency of service. If she had been promptly notified, Ms. Gerean contends, there was still time to correct the deficiency. She characterizes the conduct of the defense as "ambush-style" advocacy. Lybbert v. Grant County, 141 Wash.2d 29, 40, 1 P.3d 1124 (2000) (characterizing traditional adversarial representation as "ambush-style advocacy").
The defense of insufficient service of process is not waived if it is asserted in either a responsive pleading or a CR 12(b)(5) motion. CR 12(h)(1)(B); French v. Gabriel, 116 Wash.2d 584, 588, 806 P.2d 1234 (1991). Filing a notice of appearance does not waive the defense. CR 4(d)(5); Adkinson v. Digby, Inc., 99 Wash.2d 206, 210, 660 P.2d 756 (1983); Crouch v. Friedman, 51 Wash.App. 731, 735, 754 P.2d 1299 (1988). Delay in filing an answer does not waive the *432 defense. French, 116 Wash.2d at 593-94, 806 P.2d 1234.
Ms. Martin-Joven's notice of appearance reserved all defenses. She asserted the defense both in her answer and by motion. Moreover, in a January 5, 2000 letter, Ms. Martin-Joven alerted the plaintiff that the method of service was a matter of interest to the defense. She asked for a copy of the affidavit of service. This request was ignored. The defense issued a limited discovery request pertaining solely to service of process. The answer to the complaint raised the affirmative defense of insufficient process. Three weeks after Ms. Gerean's response to the discovery requests, Ms. Martin-Joven filed her motion to dismiss.
This is in contrast to the facts in Lybbert. In that case, the defendant never mentioned service and proceeded with general discovery for nine months before pleading the affirmative defense of insufficient service of process. Lybbert, 141 Wash.2d at 35-36, 1 P.3d 1124.
The defense was not waived.

EQUITABLE ESTOPPEL
The elements of equitable estoppel are also absent here. The defense of insufficiency of service of process may be barred if the defendant acts in a manner inconsistent with asserting the defense. Romjue v. Fairchild, 60 Wash.App. 278, 281, 803 P.2d 57 (1991). The defendant's duty, however, extends only to accepting properly tendered service and not evading service. Thayer, 8 Wash.App. at 41, 503 P.2d 1110. She is not required to alert the plaintiff that service was deficient prior to the expiration of the statute of limitations. Lybbert, 141 Wash.2d at 37, 1 P.3d 1124; see Thayer, 8 Wash.App. at 42, 503 P.2d 1110.
Moreover, the court found that any misrepresentation, even if we accept the process server's version of the attempted service, was not by the defendant, but by Mr. Martin. And Mr. Martin was not a party to this suit. The court correctly concluded that Ms. Martin-Joven was not estopped from acting inconsistently with a statement by a third party. Thus, any disputed fact about who said what to whom at Deer Park is not material on this issue either.
Ms. Gerean argues that Ms. Martin-Joven's own silence also comprised an act inconsistent with her later claim. Suburban Janitorial Servs. v. Clarke Am., 72 Wash. App. 302, 310-11, 863 P.2d 1377 (1993). Ms. Gerean contends she reasonably perceived Ms. Martin-Joven's appearance in the action and her failure to complain about the manner of service as a representation that all was well.
Estoppel will not lie where both parties are in a position to determine the law and the facts. Lybbert, 141 Wash.2d at 35, 1 P.3d 1124. Nothing in the record hints that Ms. Gerean made any attempt to find out Ms. Martin-Joven's current address or that Ms. Martin-Joven was not available to receive properly tendered service.
There was no proper tender of service. The court correctly concluded that Ms. Martin-Joven's conduct was entirely consistent with asserting the defense.

AGENCY
Finally, Ms. Gerean proposes that, by serving the father, Ms. Gerean created an agency relationship between him and Ms. Martin-Joven. Thus, the agent-father's misrepresentations are binding on Ms. Martin-Joven, his principal.
But an agency must be created by the parties to the agency. Skagit State Bank v. Rasmussen, 109 Wash.2d 377, 388, 745 P.2d 37 (1987). Here, Ms. Martin-Joven and her father had no agreements regarding service of process.
We affirm the summary dismissal.
WE CONCUR: SCHULTHEIS, J. and KATO, J.
NOTES
[1] RCW 1.12.010 provides:

"The provisions of this code shall be liberally construed, and shall not be limited by any rule of strict construction."
[2] RCW 4.28.080 provides:

"Service made in the modes provided in this section shall be taken and held to be personal service. The summons shall be served by delivering a copy thereof, as follows:
"....
"(15) In all other cases, to the defendant personally, or by leaving a copy of the summons at the house of his or her usual abode with some person of suitable age and discretion then resident therein."