## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| RONALD A. MULLINS, | No. 47945-1-II |
| Appellant, | |
| v. | |
| MICHAEL MALONE and JANE DOE MALONE, individually and the marital comprised thereof, | UNPUBLISHED OPINION |
| Respondents. | |

MELNICK, J. — Ronald A. Mullins appeals the trial court's dismissal of his personal injury action against Michael W. Malone and Jane Doe Malone (collectively Malone) for insufficient service of process. Mullins argues Malone waived the defense of insufficient service. We disagree and affirm.

## FACTS

On March 5, 2012, Malone and Mullins were involved in a motor vehicle accident. Mullins suffered injuries that prevented him from working. He successfully filed a time-loss compensation claim with the Department of Labor and Industries (L & I). After benefits ended, Mullins filed several appeals with the Board of Industrial Insurance Appeals, which the parties ultimately settled in December 2014.

On February 26, 2015, Mullins filed a negligence complaint against Malone. The three-year statute of limitations for Mullins's claim would run on March 5, 2015. RCW 4.16.080. Under

RCW 4.16.170, however, Mullins had 90 additional days, or until June 3, 2015 in which to complete service.

On April 22, 2015, Malone's attorney e-mailed Mullins's attorney, requesting a copy of the complaint. A legal assistant e-mailed the complaint to Malone's attorney. Malone's attorney filed a notice of appearance on April 27, 2015.

On June 16, 2015, Malone's attorney again e-mailed Mullins's attorney, inquiring the status of the case and warning counsel that Mullins had not yet been served the summons and complaint.

On June 23, 2015, Malone filed a motion to dismiss the complaint for failure to serve. In response, Mullins alleged he could not pursue a negligence claim until he completed litigation with L & I. He further argued Malone waived his right to service because his attorney filed a notice of appearance and Malone had actual notice of the lawsuit.

The trial court dismissed Mullins's complaint, finding he failed to timely serve Malone prior to the expiration of the three-year statute of limitations, as well as the 90-day tolling period after the expiration of the statute of limitations. Mullins appealed.

ANALYSIS

Mullins argues the trial court erred by dismissing his personal injury action because Malone waived the defense of insufficient service of process. We disagree.

We review de novo a superior court's dismissal of an action for insufficient service of process. *Witt v. Port of Olympia*, 126 Wn. App. 752, 757, 109 P.3d 489 (2005), *disapproved on other grounds by Durland v. San Juan County*, 182 Wn.2d 55, 340 P.3d 191 (2014). Proper service of the summons and complaint is required to invoke personal jurisdiction. *Scanlan v. Townsend*, 181 Wn.2d 838, 847, 336 P.3d 1155 (2014). Consequently, insufficient service of process is an

affirmative defense. *Lybbert v. Grant County*, 141 Wn.2d 29, 38-39, 1 P.3d 1124 (2000). A defendant, however, may waive the affirmative defense of insufficient service in two ways: first, by being dilatory in asserting the defense or second, by proving assertion of the defense is inconsistent with the defendant's previous behavior. *Lybbert*, 141 Wn.2d at 39.

Mullins contends the trial court erred by dismissing his complaint because Malone's assertion of the defense of insufficient service was inconsistent with his prior actions and Malone had actual notice.[1] Mullins first points to Malone's notice of appearance, arguing since insufficient process was not raised as an affirmative defense in the notice of appearance it was inconsistent to raise it later. A notice of appearance, however, has no bearing on the issue of waiver. *Adkinson v. Digby, Inc.*, 99 Wn.2d 206, 209, 660 P.2d 756 (1983). An express reservation in a notice of appearance is unnecessary to preserve a defense. *Adkinson*, 99 Wn.2d at 209. Filing of a notice of appearance without including the caveat cannot constitute a waiver of the defense nor would filing the notice of appearance with the caveat preserve it. *Lybbert*, 141 Wn.2d at 43. Moreover, a notice of appearance is not a pleading under CR 7(a) that preserves a defense. *Lybbert*, 141 Wn.2d at 43. Therefore, Malone's failure to include an affirmative defense in his notice of appearance does not waive the defense of insufficient service of process.

---

[1] Mullins also raises the issue of, "Whether Plaintiff would in fact be barred from freely amending the Complaint when the defense has provided no factual evidence to the contrary." Appellant's Br. at 9. Mullins directs us to Malone's motion to dismiss to explain the context of this issue; however, there is no mention in Malone's motion of amending the complaint. The issue is vaguely raised in Mullins's response to Malone's motion to dismiss. Nevertheless, Mullins appealed the trial court's order dismissing his complaint for insufficient service of process. The issue of amending the complaint is outside the trial court's order, speculative, and not supported by citation to legal authority as required under RAP 10.3(a)(6). Therefore, we decline to reach this issue.

Next, Mullins argues Malone waived the defense because his attorney discussed the case with Mullins's attorney and lulled Mullins's attorney into believing there were no affirmative defenses. The record shows differently.

On February 26, 2015, Mullins filed a negligence complaint against Malone. Malone's attorney contacted Mullins's attorney and requested a copy of the complaint. A legal assistant e-mailed the complaint to Malone's attorney.[2] Mullins made no attempt to follow up and properly serve the summons and complaint. Malone's attorney filed a notice of appearance on April 27, 2015. On June 16, 2015, Malone's attorney again e-mailed Mullins's attorney, inquiring about the status of the case and warning counsel that Malone had not yet been served a summons and complaint. Again, Mullins made no attempt to serve the summons and complaint. On June 23, 2015, Malone filed a motion to dismiss for failure to serve the summons and complaint.

Similarly, in *French v. Gabriel*, the plaintiff argued that the defendant waived the defense of insufficient service of process by filing an untimely answer, objecting to a trial date, taking a deposition, and consenting to amendment of the complaint. 116 Wn.2d 584, 594, 806 P.2d 1234 (1991). The plaintiff also argued that the defendant waived the defense because he delayed in filing his answer to the complaint. *French*, 116 Wn.2d at 594. The court held no waiver occurred because the defendant preserved the defense by pleading it prior to objecting to the trial date, taking a deposition, and consenting to amendment of the complaint. *French*, 116 Wn.2d at 594.

---

[2] The parties do not dispute, and we agree, that this action did not constitute proper service under RCW 4.28.080(16).

4

In contrast, in *Lybbert*, the court held that Grant County waived its insufficient service of process defense because, for nine months prior to asserting the defense, it engaged in discovery unrelated to the defense. 141 Wn.2d at 42. Grant County also ignored an interrogatory asking whether it would be relying on an insufficient service of process defense. *Lybbert*, 141 Wn.2d at 42.

The facts of this case are more similar to the facts in *French* than those in *Lybbert*. Malone did not engage in discovery or mediation. He notified Mullins via e-mail, before the expiration of the 90-day service period, that he had not been properly served with the summons and complaint. While Malone's attorney filed a notice of appearance, this action does not waive affirmative defenses. Because Malone engaged in no actions consistent with waiver of his insufficient service defense, Mullins's waiver claim fails as a matter of law.

Lastly, Mullins argues Malone had actual notice therefore he relinquished the defense of insufficient service of process. Actual notice is not a substitute for proper service. *Ralph's Concrete Pumping, Inc. v. Concord Concrete Pumps, Inc.*, 154 Wn. App. 581, 585, 225 P.3d 1035 (2010). Therefore, Mullins argument is without merit.

Mullins failed to properly serve Malone the summons and complaint. Malone properly raised this affirmative defense and the trial court properly dismissed on this basis.

47945-1-II

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Lee, P.J.

_____
Sutton, J.