# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| JENNIFER NICOLE MORRIS, | No. 60226-1-II |
| Appellant, | |
| v. | |
| ESTATE OF FONTELLA MORRIS and LEE ALLEN MORRIS, Personal Representative for the estate, | UNPUBLISHED OPINION |
| Respondent. | |

GLASGOW, J.—Jennifer Morris filed a creditor's claim against the Estate of Fontella Morris[1] contending that the Estate owed her more than $340,000 for end-of-life care she provided to Fontella. The Estate rejected Jennifer's claim, and Jennifer filed a complaint against the Estate challenging the rejection. Jennifer's attorney emailed the summons and complaint to the Estate's statutory agent, an attorney. The agent filed a notice of appearance and reserved objections to insufficiency of process, lack of jurisdiction, and improper venue. She also filed a notice of unavailability for particular dates.

In August, the Estate's agent answered the complaint arguing insufficient service of process and filed a motion to dismiss. In early September, Jennifer personally served the Estate's agent. Jennifer opposed the motion to dismiss, arguing that her email to the Estate's agent

---

[1] Fontella and Jennifer are not related, but because they have the same surname, we refer to them by their first names.

sufficiently effectuated personal service, or, in the alternative, that the time for service had been tolled under RCW 4.16.180 based on the Estate's agent's notice of unavailability. The trial court granted the motion to dismiss with prejudice after finding that service of process did not occur prior to the expiration of the statute of limitations.

Jennifer appeals, arguing that emailing the Estate's agent was sufficient to effectuate original service of process. She also argues that the trial court erred by failing to toll the statute of limitations under RCW 4.16.180. The trial court was correct that sending the complaint by email did not constitute sufficient service of process, and although RCW 4.16.170 applies to statutory agents of estates, tolling under the statute was not appropriate under the facts of this case. Accordingly, we affirm, and we award attorney fees to the Estate.

FACTS

Fontella Morris died in December 2023. Fontella's only surviving child, Lee, was appointed personal representative of the Estate. Because Lee lives out of state, the Estate's attorney was appointed as the statutory agent under RCW 11.36.010.

In March 2024, Jennifer filed a creditor's claim against the Estate contending that the Estate owed her more than $340,000 for end-of-life care she provided to Fontella. The Estate rejected Jennifer's claim on May 13, 2024.

On May 23, Jennifer filed a complaint against the Estate pursuing her rejected creditor's claim. Jennifer's attorney emailed the complaint, summons, and an order assigning the case to a department and setting a hearing date to the Estate's agent.

One week later, the Estate's agent filed a notice of appearance in the action "without waiving objection to insufficiency of process, lack of jurisdiction, improper venue and without waiving any and all defenses." Clerk's Papers (CP) at 10.

On June 21, Jennifer filed a motion for default based on the Estate's lack of response. That same day, the Estate's agent filed a notice of unavailability from June 25 through July 8 and July 25, 26, and 29 and unavailability for court proceedings from July 8 through July 12. On August 8, the Estate filed an answer with affirmative defenses, including insufficient service of process. Under RCW 4.16.170, the statute of limitations was extended for 90 days if Jennifer served the Estate within 90 days of filing the complaint, so August 21 was the deadline for Jennifer to serve the Estate unless the statute of limitations was otherwise tolled or extended.

On August 27, the Estate filed a motion to dismiss based on lack of personal jurisdiction and insufficient service of process. The Estate argued that the only proof of service was the email to the Estate's agent and there had been no agreement to service of process by email. The Estate also argued that the statute of limitations on Jennifer's claim had expired and her suit should be dismissed with prejudice.

Jennifer served the Estate by personally serving its attorney, who was serving as its agent, with the summons and complaint on September 6. Jennifer then responded to the Estate's motion to dismiss, arguing that the time for service had been tolled under RCW 4.16.180 based on the Estate's agent's notice of unavailability.

The trial court found that the September 6 personal service was the first and only attempt at personal service of the summons and complaint on the Estate. The trial court concluded that Jennifer's affidavit of email service was insufficient to establish jurisdiction over the Estate. The

trial court further concluded that the statute of limitations on Jennifer's creditor claim expired on August 21, 2024, and Jennifer did not personally serve the Estate until September 6, which was after the expiration of the statute of limitations. The trial court also concluded that RCW 4.16.180 did not apply to toll the statute of limitations in the case because the defendant is an estate, and the Estate's statutory agent did not "'willfully conceal'" herself or "'move out-of-state'" at any time after Jennifer's cause of action accrued. CP at 73. Accordingly, the trial court granted the Estate's motion to dismiss with prejudice.

Jennifer appeals.

ANALYSIS

I. EMAIL INSUFFICIENT FOR SERVICE OF PROCESS

Jennifer argues that her email to the Estate's agent was sufficient to effectuate service of process. We disagree.

Whether service of process was proper is a question of law that we review de novo. *Goettemoeller v. Twist*, 161 Wn. App. 103, 107, 253 P.3d 405 (2011). "Proper service of the summons and complaint is a prerequisite to a court obtaining jurisdiction over a party." *Harvey v. Obermeit*, 163 Wn. App. 311, 318, 261 P.3d 671 (2011). "When a defendant challenges service of process, the plaintiff has the initial burden of proof to establish a prima facie case of proper service." *Northwick v. Long*, 192 Wn. App. 256, 261, 364 P.3d 1067 (2015).

Chapter 4.28 RCW explains how effective service of process must be made in Washington in order to satisfy due process requirements. RCW 4.28.080(14) provides that service on an individual must be made through personal service by delivery of a copy of the summons to the person or by leaving a copy of the summons at the house of his or her usual abode with some

4

person of suitable age and discretion. The language in RCW 4.28.080(14) requiring personal service in standard civil cases was adopted by the legislature in 1893. *See* LAWS OF 1893, ch. 127, § 7.

Despite the clear language of RCW 4.28.080 requiring personal service, Jennifer contends that service of process by email is nonetheless sufficient because it provided sufficient notice to the Estate. Jennifer essentially asks us to disregard the well-established statutory requirement of personal service of process because it would be a technical inconvenience: "Traditional service by a process server, would only add unnecessary cost and administrative burden in this case without enhancing the effectiveness of notice." Br. of Appellant at 11. We decline to do so.

The legislature identifies different modes of personal service in RCW 4.28.080. If the legislature wished to allow service of process by email, it could have. But RCW 4.28.080 does not provide for service by email. *See also In re Est. of Jepsen*, 184 Wn.2d 376, 380 n.4, 358 P.3d 403 (2015) (citation omitted) ("An e-mail to an attorney cannot constitute substantial compliance with personal service on a party where, as here, there is no express waiver of personal service, no agreement for electronic service, and no acceptance of service by the PR anywhere in the record."). We are required to assume the legislature meant exactly what it said and apply the statute as written. *In re Recall of Pearsall-Stipek*, 141 Wn.2d 756, 767, 10 P.3d 1034 (2000). Emailing the summons and complaint was insufficient to effectuate service of process of the complaint under the law.

## II. TOLLING UNDER RCW 4.16.180

Jennifer also argues that even if her email did not constitute sufficient service of process, the trial court nonetheless erred by not tolling the statute of limitations under RCW 4.16.180.

5

Specifically, she argues that the trial court erred by concluding that RCW 4.16.180 does not apply to estates and that, even if it did, tolling would not be appropriate under these facts. We conclude that RCW 4.16.180 applies to agents of estates, but tolling is not appropriate in this case.

Jennifer was required to serve the Estate by August 21, 2024, unless the statute of limitations was tolled. RCW 4.16.180 provides:

> If the cause of action shall accrue against any person who is a nonresident of this state, or who is a resident of this state and shall be out of the state, or concealed therein, such action may be commenced within the terms herein respectively limited after the coming, or return of such person into the state, or after the end of such concealment; and if after such cause of action shall have accrued, such person shall depart from and reside out of this state, or conceal himself or herself, the time of his or her absence or concealment shall not be deemed or taken as any part of the time limit for the commencement of such action.

Jennifer argues that RCW 4.16.180 applies to toll the statute of limitations based on the Estate's registered agent's filing of a notice of unavailability. The trial court reasoned, in part, that RCW 4.16.180 does not apply when the defendant is an estate. We disagree.

The Estate was required to designate an in-state statutory agent for service of process. There is nothing in the plain language of the statute that suggests defendant estates who have registered agents are excluded. Nor does the rationale of the statute support an interpretation that a statutory agent could conceal themselves to willfully avoid service of process without triggering the tolling statute simply because the defendant is an estate. Washington courts have articulated the rationale of the tolling statute: an absence from the state, or a period of hiding or concealment within the state, that prevents a plaintiff from making a service upon a defendant should be excluded in computing the time within which a plaintiff must commence his action. *Bethel v. Sturmer*, 3 Wn. App. 862, 866, 479 P.2d 131 (1970). This rationale applies equally to agents of estates. We conclude that RCW 4.16.180 applies to agents of estates.

However, regardless of RCW 4.16.180's application to agents of estates, the tolling statute is of no assistance to Jennifer. The party invoking RCW 4.16.180 must show more than just that a defendant departed from a known address; they must show a "willful evasion of process." *Rodriguez v. James-Jackson*, 127 Wn. App. 139, 147, 111 P.3d 271 (2005). Jennifer cannot carry this burden. She relies on the agent of the Estate's notice of unavailability, but this hardly establishes a willful evasion of process such that Jennifer was unable to effectuate service. Rather, it shows that for all but about 17 days during the 90-day window, the Estate's agent was available to be served and willfully communicated that schedule to Jennifer. For purposes of RCW 4.16.180, concealment is the clandestine or secret removal from a known address and willful evasion of process. *Caouette v. Martinez*, 71 Wn. App. 69, 74, 856 P.2d 725 (1993); *Rodriguez*, 127 Wn. App. at 147. Nothing in the record suggests that the Estate's agent concealed themselves or willfully evaded process. Indeed, the first attempt Jennifer made at personal service was successful, albeit untimely. Tolling was not appropriate under these circumstances.

Jennifer also asserts that the Estate waited so long to file an answer alerting Jennifer to its defense that the Estate waived the defense of insufficiency of service of process entirely. But the Estate expressly did not waive insufficiency of service when it filed a notice of appearance in the action about a week after the complaint was filed. And as Jennifer acknowledged in her brief, this express reservation of the defense was not necessary because a notice of appearance should not be interpreted to waive defenses in any event. Br. of Appellant at 16 (discussing *Adkinson v. Digby, Inc.,* 99 Wn.2d 206, 209, 660 P.2d 756 (1983). Jennifer next contends that the filing of the notice of unavailability exhibited a willingness to litigate and waived insufficiency of service as a defense. But Jennifer does not cite to any case that treats a notice of unavailability as a waiver of

some defenses. Moreover, the answer affirmatively asserting insufficiency of service of process was filed on August 8, 2024, and Jennifer was required to personally serve the Estate by August 21, 2024, so she had many days after she was specifically alerted to the lack of proper service to remedy the problem, but she did not do so. Under these circumstances, no waiver of this defense occurred, and the trial court was correct not to toll the statute of limitations.

III. ATTORNEY FEES

The Estate requests attorney fees and costs under RAP 18.1(a) and RCW 11.96A.150(1). RCW 11.96A.150 allows this court on appeal to order costs, including attorney fees, to any party. The statute gives us broad discretion; we may order reasonable attorney fees and costs "to be paid in such amount and in such manner as [we determine] to be equitable." RCW 11.96A.150(1). We may consider "any and all factors" that we deem to be "relevant and appropriate." *Id.*

The Estate has prevailed on appeal, and we conclude it is equitable to award reasonable costs and attorney fees on appeal to the Estate. In these circumstances where it was Jennifer's counsel who failed to properly serve the Estate, we conclude it is equitable to order that Jennifer's counsel must pay the Estate's attorney fees and costs in an amount to be determined by a commissioner of this court.

CONCLUSION

In conclusion, Jennifer's attempt to serve the Estate by emailing the complaint and summons to its statutory agent was insufficient to effectuate service of process under RCW 4.28.080. While Jennifer eventually made personal service on the Estate, it was not completed until after the statute of limitations expired. And Jennifer fails to show that the statute of limitations should be tolled based on the statutory agent's notice of unavailability.

No. 60226-1-II

Accordingly, we affirm, and we award attorney fees to the Estate.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

GLASGOW, J.

We concur:

CRUSER, C.J.

CHE, J.