217 P.3d 785 (2009)
Charity L. MEADE, Appellant,
v.
Michael A. THOMAS, Respondent.
No. 37715-2-II.
Court of Appeals of Washington, Division 2.
August 18, 2009.
Publication Ordered September 29, 2009.
David Allen Nelson, Nelson Law Firm PLLC, Longview, WA, William Hickman, Attorney at Law, Seattle, WA, for Appellant.
Christopher B. Rounds, Law Office of Andersen & Nyburg, Portland, OR, for Respondent.
VAN DEREN, C.J.
¶ 1 Charity Meade appeals a summary judgment order dismissing her personal injury action against Michael Thomas because she failed to serve Thomas within the statute of limitations. She argues that Thomas waived the affirmative defense of failure to serve by being dilatory in asserting the defense in his answer and in conducting general discovery that was inconsistent with the affirmative defense of failure to serve. We find no error and, thus, affirm.

FACTS
¶ 2 On August 4, 2004, Samantha Gross rear-ended Meade. Gross was driving Thomas's car, although Thomas was not a passenger at the time of the accident. On March 12, 2007, Meade filed a complaint for personal injuries against Thomas. Meade did not serve Thomas, and she never filed an affidavit of service with the trial court. On March 21, an attorney appeared for Thomas and served Meade with interrogatories seeking information about the facts and circumstances of the accident and Meade's alleged injuries. The discovery request did not address service of process.
¶ 3 Between March 21 and June 7, the parties did not correspond. On June 7, Thomas's attorney emailed Meade's attorney to check the status of his discovery request and to schedule Meade's deposition. After receiving no response, Thomas's attorney followed up with a letter to the same effect on June 13. On July 24, Meade's attorney *786 mailed an unsigned copy of Meade's responses to the discovery request. Six days later, on July 31, Thomas filed his answer, asserting that (1) he was never properly served; (2) the statute of limitations barred the action; and (3) another driver caused the accident. Meade received a faxed copy of the answer on July 30, the same day Thomas mailed the answer. The statute of limitations expired five days later, on August 4. Meade did not complete service of process before the statute of limitations expired.
¶ 4 On August 8, the attorneys discussed the status of the case. Meade's attorney admitted that he had not served Thomas, and he offered to attempt service if it would make a difference.[1] Thomas's attorney stated that, because the statute of limitations had run, service would be too late. In October, Thomas served requests for admissions regarding service of process on Meade. Meade replied in December, again admitting that she had not served Thomas.
¶ 5 In March 2008, Thomas moved for summary judgment based on Meade's failure to serve him within the statute of limitations. Meade opposed this motion, arguing that Thomas was estopped from raising the affirmative defense because Thomas had acted as if he were going to litigate the case and first raised the defense only five days before the statute of limitations ran. The trial court granted summary judgment to Thomas. Meade appeals.

ANALYSIS
¶ 6 We review a summary judgment order de novo. Qwest Corp. v. City of Bellevue, 161 Wash.2d 353, 358, 166 P.3d 667 (2007). A trial court properly grants summary judgment when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. CR 56(c). A defendant waives any deficiency in service of process if "(1) assertion of the defense is inconsistent with [the] defendant's prior behavior or (2) the defendant [was] dilatory in asserting the defense." King v. Snohomish County, 146 Wash.2d 420, 424, 47 P.3d 563 (2002).
¶ 7 Meade reasons that Thomas waived the defense of failure to serve because he was dilatory in asserting the defense in his answer filed five days before the statute of limitations ran and because the defense is inconsistent with his engaging in general discovery before asserting the defense. Thomas counters that Meade was aware of the defense in time to properly complete service. We agree with Thomas.
¶ 8 A defendant may waive the defense of failure to serve by failing to raise it in his or her answer or in a motion to dismiss. See King, 146 Wash.2d at 424, 47 P.3d 563 (defense was not dilatory because it was first raised in the defendant's answer); CR 12(h). Here, we hold that Thomas was not dilatory in raising the defense because he raised it in his answer, which he filed before the statute of limitations ran. Thus, we address only whether Thomas waived the defense by conducting discovery on the merits of the action before asserting the defense.
¶ 9 Meade relies on Lybbert v. Grant County, 141 Wash.2d 29, 1 P.3d 1124 (2000), to argue that Thomas's discovery was inconsistent with the service of process defense. In Lybbert, the plaintiffs sued the county for injuries sustained in a car accident. Lybbert, 141 Wash.2d at 31, 1 P.3d 1124. The Lybberts mistakenly served the wrong party. Lybbert, 141 Wash.2d at 32, 1 P.3d 1124. The county filed a notice of appearance and for nine months served the Lybberts with discovery requests on the merits of the case;[2] the defendants never asked about service of process. Lybbert, 141 Wash.2d at 32-33, 1 P.3d 1124. In an interrogatory to the county before the statute of limitations expired, the Lybberts asked if the affirmative defense of insufficient service of process would be used; but the county did not respond. Lybbert, 141 Wash.2d at 33, 1 P.3d *787 1124. After the statute of limitations expired, the county filed an answer, asserting an insufficient service of process defense; the county moved for summary judgment on the same grounds. Lybbert, 141 Wash.2d at 33-34, 1 P.3d 1124. The court held that the county waived the defense because its general discovery efforts were not aimed at determining whether there was sufficient service of process. Lybbert, 141 Wash.2d at 42, 45, 1 P.3d 1124.
¶ 10 The county's failure to timely respond to the Lybberts' interrogatory about service was important to the court's analysis. It reasoned that, if the county had responded to that specific inquiry, the Lybberts "would have had several days to cure the defective service." Lybbert, 141 Wash.2d at 42, 1 P.3d 1124. Instead, the county waited until after the statute of limitations expired to assert the defense. Lybbert, 141 Wash.2d at 41, 1 P.3d 1124.
¶ 11 But Lybbert is distinguishable from this case. First, the amount and length of discovery here was less extensive than in Lybbert. Over a four month period, Thomas requested one set of interrogatories, followed up with an email and a letter, and asked about Meade's deposition. In Lybbert, the county conducted extensive discovery over nine months, including a county detective's inquiry to plaintiff's counsel about what counsel sought in his interrogatories, as well as a discussion about possible mediation. Lybbert, 141 Wash.2d at 32, 41-42, 1 P.3d 1124. Moreover, in Lybbert, the defendants had reason to believe that the plaintiffs were unaware that service of process was ineffective because the plaintiffs filed the process server's affidavit. See Lybbert, 141 Wash.2d at 42, 1 P.3d 1124. Here, Meade never filed an affidavit for service of process. Thus, her counsel had no reason to believe that he had successfully served Thomas. Finally, and most importantly, Thomas filed his answer asserting the failure to serve defense within the statute of limitations, leaving Meade enough time to properly serve Thomas.[3]
¶ 12 We conclude that although Thomas engaged in some discovery before raising the service issue in his answer, he did not waive the defense of failure to serve. The trial court did not err in granting Thomas summary judgment dismissing Meade's lawsuit.
We concur: HOUGHTON, J., and PENOYAR, A.C.J.
NOTES
[1] At oral argument, Meade's attorney admitted that Meade made no attempt to serve Thomas, even after receiving the reply pointing out the lack of service.
[2] Discovery included interrogatories, requests for production, request for damages, and telephone conversations between the attorneys about insurance coverage and mediation. Lybbert, 141 Wash.2d at 32-33, 1 P.3d 1124.
[3] Nothing in the record on appeal suggests that Thomas concealed himself to avoid service and, at oral argument, Meade's counsel conceded that there was no evidence that Thomas tried to avoid service of process. Furthermore, Meade had the option of filing a new action to include the actual driver. She would then have had another 90 days to serve the defendants. RCW 4.16.170.