182 P.3d 441 (2008)
Ellen BROWN-EDWARDS, Respondent,
v.
James and Shirley POWELL, husband and wife; Petitioners,
Jenne Tiffany and John Doe Tiffany, husband and wife, Defendants.
No. 26028-3-III.
Court of Appeals of Washington, Division 3.
April 17, 2008.
Steven Robert Stocker, Stocker, Smith, Luciani & Staub PLLC, Spokane, WA, for Petitioners.
Gregory George Staeheli, Shaunna H. Gutina, Staeheli & Gutina, Spokane, WA, for Respondent.
SWEENEY, J.
¶ 1 To effect service of process, a person must be over 18 years old, competent to be a witness, and not a party to the action. Here, a process server hired by the plaintiff served a neighbor of the defendants in this personal injury suit rather than the defendants. But the neighbor was qualified to serve process, served the proper defendants, and signed an affidavit to that effect. We conclude that was sufficient to effect service of process. And we affirm the trial judge's decision to deny the defendants' motion to dismiss for insufficiency of service of process.

FACTS
¶ 2 A car driven by James Powell collided with a car driven by Ellen Brown-Edwards. Ms. Brown-Edwards sued Mr. Powell and his wife, Shirley Powell, for injuries she claimed from the accident. Ms. Brown-Edwards hired a process server to serve the summons and complaint.
¶ 3 The process server served the Powells' neighbor, Shirley Vertrees. The process server asked Ms. Vertrees if she was "Shirley." Clerk's Papers at 31. She said yes. He then handed her a copy of the summons and complaint and said: "Consider yourself served." Id. Ms. Vertrees noticed that the papers were for her neighbor, Ms. Powell, and delivered them to her. She later signed an affidavit. She swore that she was competent to serve the papers and that she had served them. Id. at 30-31, 51-52.
¶ 4 The Powells moved to dismiss for insufficient service of process. The court denied their motion. The court concluded that Ms. Vertrees effected service of process when she handed the papers to the Powells. We granted discretionary review of the court's refusal to dismiss this suit for insufficiency of service.

*442 DISCUSSION
¶ 5 The question presented here is one of law and so our review is de novo. Folsom v. Burger King, 135 Wash.2d 658, 663, 958 P.2d 301 (1998); Gross v. Sunding, 139 Wash.App. 54, 66-67, 161 P.3d 380 (2007). Any person who is (1) over 18 years old, (2) competent to be a witness, and (3) not a party to the action may serve process. CR 4(c). Any person means any person. Roth v. Nash, 19 Wash.2d 731, 734-35, 144 P.2d 271 (1943).
¶ 6 Ms. Vertrees certainly meets the criteria for a process server. Nothing in the rule requires that a process server have a contractual obligation to serve process. CR 4(c); cf. Appellants' Br. at 17, Appellants' Reply Br. at 1. Nor is there any requirement of proof of intent to serve process. CR 4(c); cf. Appellants' Reply Br. at 1. And we find nothing that would prohibit a person who comes into possession of a summons and complaint by defective service from being a competent process server. CR 4(c); cf. Appellant's Br. at 17, Appellant's Reply Br. at 1. The rule prohibits only a party to the action from serving process. CR 4(c); Columbia Valley Credit Exch., Inc. v. Lampson, 12 Wash.App. 952, 533 P.2d 152 (1975); see State v. Delgado, 148 Wash.2d 723, 729, 63 P.3d 792 (2003) ("`Under expressio unius est exclusio alterius, a canon of statutory construction, to express one thing in a statute implies the exclusion of the other.'" (quoting In re Det. of Williams, 147 Wash.2d 476, 491, 55 P.3d 597 (2002))). We conclude then that Ms. Vertrees was a competent process server. CR 4(c).
¶ 7 "Service made in the modes provided in this section shall be taken and held to be personal service." RCW 4.28.080 (emphasis added). Service thus constitutes personal service when (1) a copy of the summons is delivered to the defendant personally, and (2) a copy of the summons is left at the defendant's house of usual abode with a person of suitable age and discretion who lives at the house at the time of service. RCW 4.28.080(15). Here, Ms. Vertrees, as process server, personally delivered the copy of the summons and complaint she received to Ms. Powell, a named defendant. That is adequate personal service on Ms. Powell. Id.
¶ 8 In sum, Ms. Vertrees properly served Mr. Powell, a named defendant in this case, by substitute service when she left the summons at Mr. Powell's house with his wife, Ms. Powell, who was undisputedly of suitable age and discretion and living at the house at the time of service. Id.
GEREAN v. MARTIN-JOVEN
¶ 9 The Powells rely on our case of Gerean v. Martin-Joven[1] for the proposition that gratuitous service does not meet the requirements of personal service set forth in RCW 4.28.080(15). But Gerean should be limited to its facts and the particular arguments made there. The precise contention we were asked to address there was not the same as here:
Ms. Gerean contends that, by setting in motion a series of events that culminated in Ms. Martin-Joven receiving the summons, she complied with the statute.
Gerean, 108 Wash.App. at 969, 33 P.3d 427. We concluded that was not enough. Id. at 972, 33 P.3d 427. The plaintiff in Gerean did not argue that the defendant's father was competent to effect service nor did he file an affidavit of service. Id. at 969-70, 33 P.3d 427. And so we did not address whether Mr. Martin's act of delivering the summons to Ms. Martin-Joven, by itself, satisfied the statutory requirement for personal service. Id. The question framed by the contentions in Gerean was whether the hired process server  and not Mr. Martin  properly served Ms. Martin-Joven. Id. at 972, 33 P.3d 427.
¶ 10 Ultimately, we concluded in Gerean that service was insufficient because, while the hired process server's act may have resulted in actual notice, it was not the required "service." Id. (citing Thayer v. Edmonds, 8 Wash.App. 36, 40, 503 P.2d 1110 (1972)).
¶ 11 The trial court properly denied Mr. and Ms. Powell's CR 12(b)(5) motion to dismiss.
¶ 12 Affirmed.
I CONCUR: KULIK, J.
*443 BROWN, J. (dissenting).
¶ 13 Personal service of process is not sufficient under RCW 4.28.080(15) when mistakenly left with a party's neighbor and the neighbor then, by chance, delivers the process to the intended party. Because that occurred here, I disagree with the superior court's decision to deny CR 12(b)(5) dismissal of Ellen Brown-Edwards' personal injury action against James and Shirley Powell. We should not retreat from the rule we established in Gerean v. Martin-Joven, 108 Wash. App. 963, 972, 33 P.3d 427 (2001) ("actual notice does not constitute sufficient service"). Id. at 972, 33 P.3d 427 (citing Thayer v. Edmonds, 8 Wash.App. 36, 40, 503 P.2d 1110 (1972)).
¶ 14 The service burden should remain on plaintiffs to give formal notice of suit for the purpose of alerting defendants of the necessity of a formal response. The accidental acquisition of a summons and complaint and chance delivery to an intended party does not satisfy that burden. Imagine the havoc resulting from "process service" by some stranger who accidentally comes across a summons and complaint blowing down the street from some trash bin.
¶ 15 Moreover, we do not have an affidavit of service but a defensive declaration given by the neighbor mistakenly served with process that was submitted in aid of the Powells' motion for summary judgment dismissal. The neighbor's affidavit was secured and submitted long after the Powells reserved their objections to service when they answered the complaint. Ms. Brown-Edwards misconstrues the statements as an affidavit of service.
¶ 16 I would hold the trial court erred in concluding chance delivery of the papers constituted effective personal service on the Powells. Defective service cannot be cured by an individual who "fortuitously" delivers a summons, even if that individual meets the CR 4(c) criteria. Gerean, 108 Wash.App. at 972, 33 P.3d 427. Further, I would hold that the trial court erred in denying the Powells' CR 12(b)(5) motion to dismiss. Ms. Brown-Edwards suggests a result far exceeding any case that has recognized substantial compliance with RCW 4.28.080(15). Accordingly, I respectfully dissent.
NOTES
[1] Gerean v. Martin-Joven, 108 Wash.App. 963, 33 P.3d 427 (2001).