

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2013 DEC 30 AM 9: 11

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| THERESA SCANLAN, | ) | No. 69106-6-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | PUBLISHED OPINION |
| KARLIN TOWNSEND and "JOHN DOE" | ) | |
| TOWNSEND, wife and husband, | ) | |
| | ) | |
| Respondents. | ) | FILED: December 30, 2013 |

SCHINDLER, J. — Service of process is effective under RCW 4.28.080(15) where a person over the age of 18 personally delivers a copy of the summons and complaint to the defendant. Here, the defendant's father personally delivered a copy of the summons and complaint to the defendant, and there is no dispute the defendant received the pleadings and service was within the statute of limitations. Because service was effective, we reverse dismissal of the lawsuit and remand.

FACTS

Teresa Scanlan and Karlin Townsend were involved in a car accident on October 28, 2008. On October 27, 2011, Scanlan filed a personal injury action against Townsend. Scanlan alleged that as Townsend was turning onto 348th Street in Federal Way, she failed to yield and her Ford Taurus hit the 1999 Nissan Maxima Scanlan was driving.

On November 8, 2011, Scanlan asked ABC Legal Services Inc. to locate the current residential address for Townsend. Through a records search, ABC identified an address in Puyallup, Washington and an address in Vancouver, Washington. The Puyallup address "appear[ed] on an SSN[1]/Address trace for the Defendant reported 05/2011" and the United States Postal Service confirmed mail delivery for Townsend at the Puyallup address. Court records showed that Townsend lived at the Vancouver address 2124 NE 155th Street, Vancouver, Washington 98686, "as of 10/04/2010." Clark County tax assessor records listed Townsend's father Charles William Pyne as the owner of real property at the Vancouver address. Washington State Department of Licensing records showed a vehicle registered to Townsend with Pyne listed as the co-owner of the vehicle.

On December 8, an ABC process server attempted to serve a copy of the summons and complaint at the Puyallup address. The resident at the Puyallup address told the process server that he did not know Townsend and she did not live at that address. On December 21, the process server attempt to serve the summons and complaint at the Vancouver address. The declaration of service states that on December 21, the process server delivered two copies of the summons and complaint at "2124 NE 155th Street, Vancouver, Clark County, WA 98686" to a "co-resident, . . . a person of suitable age and discretion who stated they reside at the defendant's/respondent's usual place of abode listed above."[2]

---

[1] (Social Security number.)

[2] (Emphasis omitted.)

2

Three months later, Townsend filed a motion to dismiss the lawsuit for lack of service. Townsend submitted her declaration in support of the motion to dismiss. Townsend states she lived at the Puyallup address from March to October 2011 but beginning in October 2011, she has lived in Auburn. Townsend states her parents live at the Vancouver address and she has not "resided there since 1991" or "used this address as my usual abode for any reason since then." The declaration states, in pertinent part:

> 4.      . . . I have resided at . . . 6628 - 130th St. Ct. E., Puyallup, Washington 98373 from March 2011 to October 2011. These were rental accommodations. I purchased a home at 6317 Thomas Place SE, Auburn, Washington 98092 and have resided there since October 2011.
>
> 5.      I am aware of an Affidavit of Service in this matter indicating that I was served on December 21, 2011 . . . at 2124 NE 155th Street, Vancouver, WA 98686 by leaving the documents with [my father].
>
> 6.      This is my parents['] address and I have not resided there since 1991. I have not used this address as my usual abode for any reason since then. I would visit my parents at their address 2-3 times a year. My usual abode at the time of attempted service was my home at 6317 Thomas Place, SE, Auburn, Washington.

In opposition to the motion to dismiss, Scanlan submitted a declaration from an ABC investigator describing the efforts to locate a residential address for Townsend and an amended declaration of service from the process server. The amended declaration states that the man who answered the door at the house in Vancouver identified himself as Townsend's father, told her that Townsend was staying there, and agreed to "take the documents and make sure [Townsend] got them when she gets back." The amended declaration of service states, in pertinent part:

> On the **21st day of December, 2011**, at approximately **4:40 PM**, I arrived at the address of **2124 NE 155TH Street, VANCOUVER, Clark County, WA 98686**. I knocked on the front door and a gray-haired white male . . . opened the door. . . . I asked him if Karlin Townsend was there and he replied she was not. I recall saying I had some paperwork for her

and asking him if she lived there and he respond[ed] that she was staying there. He was very talkative and friendly, and I do believe I recall him also mentioning Karlin came back to live with us. I told him that I had some paperwork for her and this was the address I was given, I then asked if I could leave the documents with him. He replied he would take the documents and make sure she got them when she gets back. When I asked his name, he put out his hand to shake, said he was her father . . . . I shook his hand as I gave him my name, and then left.

On the **21st day of December, 2011**, at **4:49 PM**, at the address of **2124 NE 155TH Street, VANCOUVER, Clark County, WA 98686**, this declarant served the above described documents upon **KARLIN TOWNSEND** and **JOHN DOE TOWNSEND** by then and there personally delivering **2** true and correct copy(ies) thereof, by then presenting to and leaving the same with **John Doe, CO-RESIDENT/FATHER, a gray-haired white male** . . . , a person of suitable age and discretion who stated they reside at the defendant's/respondent's usual place of abode listed above.[3]

Scanlan argued that by serving Townsend's father at her usual place of abode, service of process on Townsend was effective. Scanlan asserted the amended declaration of the process server showed that Townsend was living with her parents at the Vancouver address on December 21, 2011. Scanlan argued the court should deny the motion to dismiss. In the alternative, Scanlan requested the court conduct an evidentiary hearing or continue the hearing to allow the parties to engage in discovery. The trial court granted the request to continue the hearing to conduct discovery.

During her deposition, Townsend admitted her father delivered a copy of the summons and complaint to her at the end of December 2011 or in early January.

Q.    . . . Did -- did you get documents from your dad?
A.    They told me that they were there.
Q.    Well, when this all occurred, December of 2011, what were you doing? Were you employed at that point?
A.    I was working.
Q.    Okay. And living where?
A.    In Seattle, up here.
Q.    Were you visiting your parents often during that period of time?

---

[3] (Emphasis in original.)

A.    No.

Q.    Well, this was just four days before Christmas.  Had you -- did you spend --

A.    I don't always have holidays off.  I don't . . . have every holiday off.

Q.    Okay.  Do you know if you worked Christmas Day 2011?

A.    Yeah, I believe I worked.  Yes.  I'm sorry.

Q.    [The declaration of service] goes on to state, He replied he would take the documents and make sure she got them when she get[s] back.  Did he give you those documents?

A.    Yes, he did.

Q.    Okay.  And when did he give you the documents . . . ?

A.    I don't know.

. . . .

Q.    Okay.  So after the first of the year, maybe?

A.    Yeah.  Yes.

Q.    And would you have gone to their house, or would they have come to visit you in Seattle, or what?

A.    I can't remember if they came up here.  I think I went down there.

Following discovery, Scanlan filed an amended response to the motion to dismiss for lack of service.  Scanlan argued the record established Townsend's father agreed to deliver a copy of the summons and complaint to Townsend and that he personally served her before December 30, 2011.  In addition to Townsend's deposition testimony, Scanlan pointed to the amended declaration of service that states Townsend's father agreed to "take the documents and make sure [Townsend] got them," and the notice of appearance Townsend filed on December 30, 2011.

In reply, Townsend submitted a declaration from her father.  The declaration states that he told the process server that Townsend "did not reside at this address" and lived in the Seattle area.  The declaration states, in pertinent part:

1.    I am over the age of eighteen, have personal knowledge of and am competent to testify to the following.  I am the father of the defendant Karlin Townsend.

5

2.    I do recall speaking with a process server who was attempting to locate Karlin at my address which is 2124 NE155th Street, Vancouver, WA.

3.    I recall specifically telling the process server that Karlin was my daughter and that she did not reside at this address. My recollection is that I told the process server that my daughter had her own residence in the Greater Seattle area.

4.    I am aware of a declaration from the Process Server that states that I may have indicated that Karlin had "come back to live with us". I never made such a statement. In fact Karlin had recently purchased her own home in Auburn a few months previous to my conversation with the Process Server and, in any event, has not lived at my address in Vancouver, WA for a long time before the subject accident of October 28, 2008.

Townsend argued her father's declaration established service of process was not effective because "[t]here can be no question that the Vancouver, WA address was NOT the usual abode of Defendant Karlin Townsend (now Emerson) at the time of purported service."[4] Townsend also argued that her father's "accidental service" on her did not constitute valid service of process.

At the hearing on the motion to dismiss, Townsend's attorney stipulated that her father delivered a copy of the summons and complaint to Townsend within the 90-day tolling period.[5] Townsend argued service of the summons and complaint by her father was "fortuitous" and did not comply with the statutory proof of service requirements.

---

[4] (Emphasis in original.)

[5]    THE COURT:    Well, in this case, the proof of service --
[TOWNSEND'S ATTORNEY]:    Yes.
THE COURT:    -- comes from the Defendant herself when she was asked in her deposition, did your father give it to you.
[TOWNSEND'S ATTORNEY]:    Correct.
THE COURT:    At first in her deposition she said, you know, he told me it was at his home. And that's not good enough. Right? If he went to her home and left it under the doormat, that wouldn't work. But then she was asked did your father give it to you and she said yes. And that's under -- that's a statement under oath. Yes, I was personally served with these documents.
[TOWNSEND'S ATTORNEY]:    Yeah. And we're not disputing that.

6

The trial granted the motion to dismiss the lawsuit for lack of service. The order states, in pertinent part: "Defendant's deposition testimony that her father gave her the summons and complaint is insufficient proof of service."

## ANALYSIS

Scanlan contends the court erred in granting the motion to dismiss on the grounds of insufficient service of process and proof of service. Scanlan asserts service was effective because the undisputed record establishes Townsend's father personally delivered a copy of the summons and complaint to Townsend and proof of service is established by her admission that she received the summons and complaint within the 90-day tolling period. We agree.

An action may be commenced by filing a complaint and serving the summons and complaint on the defendant within 90 days. RCW 4.16.170; CR 3(a). Proper service of the summons and complaint is a prerequisite to the court obtaining personal jurisdiction over a party. Streeter-Dybdahl v. Huynh, 157 Wn. App. 408, 412, 236 P.3d 986 (2010). "[P]roper service of process must not only comply with constitutional standards but must also satisfy the requirements for service established by the legislature." Farmer v. Davis, 161 Wn. App. 420, 432, 250 P.3d 138 (2011). Whether service of process was proper is a question of law that we review de novo. Streeter-Dybdahl, 157 Wn. App. at 412.

RCW 4.28.080 authorizes service of the summons and complaint "by delivering a copy thereof . . . to the defendant personally, or by leaving a copy of the summons at the house of his or her usual abode with some person of suitable age and discretion then resident therein." RCW 4.28.080(15).[6] The plain and unambiguous language of the statute permits service either by delivering a copy of the summons and complaint "to the defendant personally" or by substitute service—leaving a copy with someone of suitable age and discretion then in residence. RCW 4.28.080(15); Weiss v. Glemp, 127 Wn.2d 726, 731, 903 P.2d 455 (1995).

Under CR 4(c), "any person over 18 years of age who is competent to be a witness in the action, other than a party," may serve process. Brown-Edwards v. Powell, 144 Wn. App. 109, 111, 182 P.3d 441 (2008). "Any person" means any person other than a party to the action. Brown-Edwards, 144 Wn. App. at 111.

Proof of service is established either by written acceptance or by the admission of a defendant of the time, place, and manner of service. CR 4(g)(5), (7). CR 4(g) provides, in pertinent part:

Proof of service shall be as follows:

. . . .

(5) The written acceptance or admission of the defendant, his agent or attorney;

. . . .

(7) In case of service otherwise than by publication, the return, acceptance, admission, or affidavit must state the time, place, and manner of service. Failure to make proof of service does not affect the validity of the service.

---

[6] We note the legislature amended RCW 4.28.080 in 2011 and 2012; however, the amendments did not affect subsection (15). LAWS OF 2011, ch. 47, § 1; LAWS OF 2012, ch. 211, § 1.

Where the defendant challenges jurisdiction based on insufficient service of process, the plaintiff has the initial burden to establish a prima facie case of sufficient service. Streeter-Dybdahl, 157 Wn. App. at 412. Scanlan contends that as in Brown-Edwards, personal service on Townsend was effective. Scanlan asserts the undisputed record establishes that Townsend's father delivered the summons and complaint to Townsend, that he was qualified to act as a process server under CR 4(c), and that Townsend admitted receiving the pleadings from her father within the 90-day tolling period.

Townsend does not dispute that her father delivered a copy of the summons and the complaint to her, that he was competent to effect service of process, and that she received the pleadings within the 90-day tolling period. Townsend argues that RCW 4.28.080(15) "places a specific and undelegable duty" on Scanlan to personally effect service on her. Townsend also argues Brown-Edwards was wrongly decided and the decision in Gerean v. Martin-Joven, 108 Wn. App. 963, 33 P.3d 427 (2001), controls.

The meaning of a statute is a question of law reviewed de novo. Dep't of Ecology v. Campbell & Gwinn, L.L.C., 146 Wn.2d 1, 9, 43 P.3d 4 (2002). If the statute is unambiguous, we determine legislative intent from the plain language of the statute as written. Fraternal Order of Eagles, Tenino Aerie No. 564 v. Grand Aerie of Fraternal Order of Eagles, 148 Wn.2d 224, 239, 59 P.3d 655 (2002). The plain language of the service statute does not require Scanlan to personally effect service. RCW 4.28.080 states only that "[t]he summons shall be served."[7]

---

[7] (Emphasis added.)

9

We also conclude that Gerean does not control and Brown-Edwards does not conflict with the decision in Gerean. In Gerean, the defendant Martin-Joven lived with her parents in Spokane while her spouse was stationed overseas in the military. Gerean, 108 Wn. App. at 967. On December 21, 1996, Gerean and Martin-Joven were involved in a car collision. On December 17, 1999, Gerean filed a personal injury lawsuit against Martin-Joven. Gerean, 108 Wn. App. at 967. On January 2, 2000, the process server left a copy of the summons and the complaint with Martin-Joven's father at his house. Gerean, 108 Wn. App. at 967. Martin-Joven and her spouse had moved to Walla Walla the previous year in January 1999. Gerean, 108 Wn. App. at 967. The next day, the father gave Martin-Joven a copy of the summons and complaint while he was in Walla Walla on business. Gerean, 108 Wn. App. at 967. The trial court dismissed the lawsuit for insufficient service of process. Gerean, 108 Wn. App. at 968.

On appeal, Gerean argued that "by setting in motion a series of events that culminated" in Martin-Joven actually receiving the summons and complaint, she complied with the statutory requirements for service. Gerean, 108 Wn. App. at 969. The court affirmed dismissal of the lawsuit. The court rejected the argument that where the father "fortuitously delivered" the pleadings to Martin-Joven, defective substitute service of the summons and complaint is cured by actual notice. Gerean, 108 Wn. App. at 972.

In Brown-Edwards, the process server mistakenly delivered a copy of the summons and complaint to the defendant's neighbor. Brown-Edwards, 144 Wn. App. at 111. The neighbor delivered the pleadings to the defendant and signed an affidavit of service. Brown-Edwards, 144 Wn. App. at 111. Because the neighbor was qualified to

10

serve process, personally delivered the pleadings to the defendant, and signed an affidavit of service, the court held service of process complied with the requirements of RCW 4.28.080(15). Brown-Edwards, 144 Wn. App. at 112.

The court in Brown-Edwards addressed its previous decision Gerean and held that Gerean "should be limited to its facts and the particular arguments made there." Brown-Edwards, 144 Wn. App. at 112. In addressing the decision in Gerean, the court points out that as framed by the parties on appeal, the question in that case "was whether the hired process server—and not [the father]—properly served Ms. Martin-Joven," and not whether the father's "act of delivering the summons to [his daughter], by itself, satisfied the statutory requirement for personal service." Brown-Edwards, 144 Wn. App. at 113.

> "Ms. Gerean contends that, by setting in motion a series of events that culminated in Ms. Martin-Joven receiving the summons, she complied with the statute." . . . We concluded that was not enough. . . . And so we did not address whether [the father]'s act of delivering the summons to Ms. Martin-Joven, by itself, satisfied the statutory requirement for personal service.

Brown-Edwards, 144 Wn. App. at 113 (quoting Gerean, 108 Wn. App. at 969).

Further, the court points out that "[t]he plaintiff in Gerean did not argue that the defendant's father was competent to effect service, nor did he file an affidavit of service." Brown-Edwards, 144 Wn. App. at 113. The court in Brown-Edwards states, "Ultimately, we concluded in Gerean that service was insufficient because, while the hired process server's act may have resulted in actual notice, it was not the required 'service.' " Brown-Edwards, 144 Wn. App. at 113.

11

Here, there is no dispute that Townsend's father was competent to effect service and that he personally delivered a copy of the summons and complaint to Townsend within the statute of limitations. Townsend's deposition testimony also established proof of service under CR 4(g)(5) and (7). See also Hamill v. Brooks, 32 Wn. App. 150, 151-52, 646 P.2d 151 (1982) ("The time [of service] was established through [the defendant's] deposition and the affidavit of [the plaintiff]'s attorney . . . . [The defendant's] admission is the best possible evidence that he received the summons and complaint.").

Because the undisputed record establishes effective service of process, we reverse the order of dismissal and remand.

WE CONCUR: