# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | |
|---|---|
| In the Matter of the Estate of | No. 71732-4-I |
| VIRGINIA J. JEPSEN, | |
| Deceased. | |
| JULIE MILES, Personal Representative, | |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| MACK JEPSEN, | |
| Respondent. | FILED: September 8, 2014 |

VERELLEN, A.C. J. — The will contest statute, RCW 11.24.010, requires a petitioner to file any contest within four months of the date the probate is admitted to court. For purposes of tolling that four-month limitation period, the petitioner must serve the personal representative of the estate within 90 days of filing. While the four-month filing deadline is absolute, we conclude the service requirement goes to personal jurisdiction only and may be waived.

Here, the estate of Virginia Jepsen (Estate) waived any defense based upon Mack Jepsen's failure to serve the personal representative because the Estate did not raise that defense in its response to the will contest or in any motion filed prior to its

response. Therefore, the trial court did not err by denying the Estate's motion for summary judgment. We affirm.

## FACTS

Virginia Jepsen executed her last will and testament in July 2009, naming Julie Miles as her personal representative. Virginia passed away on November 16, 2011, and her will was admitted to probate on December 20, 2011.

On March 22, 2012, Mack Jepsen,[1] Virginia's adult son, filed a petition to contest and invalidate the will. Jepsen never served the personal representative with a summons or with the petition. The Estate's attorney received a copy of the petition by e-mail.[2]

On April 27, 2012, the Estate filed its answer to the petition. The answer did not identify or refer to Jepsen's failure to serve the personal representative.

On October 31, 2012, the Estate filed a motion to dismiss, or alternatively for summary judgment, arguing for the first time that Jepsen did not timely serve Miles and therefore the superior court lacked personal jurisdiction over her. Jepsen responded that the Estate waived any objection to service of process because it did not raise that defense in its answer, as required by Civil Rule 12(h). In its reply, the Estate alleged that the superior court "either does not have the subject matter jurisdiction to hear the will contest presented, or that Mr. Jepscn is not entitled to invoke the court's subject

---

[1] In August 2013, prior to oral argument of this appeal, Mack Jepsen passed away. The estate of Mack Jepsen has been substituted as a party in this action. We use the surname Jepsen to refer either to Mack Jepsen or to his estate, as the context dictates.

[2] The Estate's attorney denies Jepsen's assertion that the attorney consented to accept service on behalf of the personal representative.

matter jurisdiction to hear his will contest as a result of his failure to comply with the jurisdictional requirements of RCW 10112.04."

The superior court initially entered an order granting the Estate's motion to dismiss the petition for lack of jurisdiction, but then it granted Jepsen's motion for reconsideration, concluding that the court had jurisdiction.

This court granted discretionary review.

## DISCUSSION

The Estate argues that Jepsen's failure to serve the personal representative, as required by RCW 11.24.010, results in a lack of subject matter jurisdiction to hear the will contest or, at the very least, that service is a prerequisite to invoke the superior court's authority to consider a will contest. We disagree.

Whether a court has subject matter jurisdiction is a question of law reviewed de novo.[3] The consequences of a court acting without subject matter jurisdiction are "'draconian and absolute.'"[4] A judgment entered by a court lacking subject matter jurisdiction is void, and there is no time limit for attacking a void judgment.[5] Appellate courts should therefore use caution when asked to characterize an issue as "jurisdictional."[6] The Supreme Court has noted that the term "subject matter jurisdiction"

---

[3] Cole v. Harveyland, LLC, 163 Wn. App. 199, 205, 258 P.3d 70 (2011).

[4] In re Marriage of McDermott, 175 Wn. App. 467, 479, 307 P.3d 717 (2013), (quoting id.), review denied, 179 Wn.2d 1004 (2013).

[5] Cole, 163 Wn. App. at 205.

[6] McDermott, 175 Wn. App. at 479-80.

3

is often confused with a court's authority to rule in a particular manner, leading to inconsistent use of the term.[7]

A court has subject matter jurisdiction where it has authority 'to adjudicate the type of controversy involved in the action.'"[8] Superior courts are granted broad original subject matter jurisdiction by the Washington Constitution, article IV, section 6.[9] "Exceptions to this broad jurisdictional grant 'are to be narrowly construed.'"[10] Because subject matter jurisdiction is constitutionally granted, it cannot be diminished by statutes.[11] "'If the type of controversy is within the subject matter jurisdiction, then all other defects or errors go to something other than subject matter jurisdiction.'"[12]

Under article IV, section 6 of the Washington Constitution, "[t]he superior court shall have original jurisdiction in . . . all matters of probate." The Estate acknowledges that the superior court has subject matter jurisdiction over probate matters in general, but it argues that the superior court's authority to consider a will contest is limited by RCW 11.24.010's timing and service prerequisites and that the service requirement cannot be waived.

Will contests are governed by statute.[13] RCW 11.24.010 states:

---

[7] Marley v. Labor & Indus., 125 Wn.2d 533, 539, 886 P.2d 189 (1994) (quoting In re Major, 71 Wn. App. 531, 534-35, 859 P.2d 1262 (1993)).

[8] McDermott, 175 Wn.2d at 480-81 (quoting Shoop v. Kittitas County, 108 Wn. App. 388, 393, 30 P.3d 529 (2001)); see also Cole, 163 Wn. App. at 209 ("The critical concept in determining whether a court has subject matter jurisdiction is the type of controversy.").

[9] McDermott, 175 Wn.2d at 481.

[10] Id. (quoting Cole, 163 Wn. App. at 206).

[11] Id. (quoting Shoop, 108 Wn. App. at 396).

[12] Id. at 482 (quoting Cole, 163 Wn. App. at 209).

[13] In re Estate of Toth, 138 Wn.2d 650, 653, 981 P.2d 439 (1999).

> If any person interested in any will shall appear within four months immediately following the probate or rejection thereof, and by petition to the court having jurisdiction contest the validity of said will, or appear to have the will proven which has been rejected, he or she shall file a petition containing his or her objections and exceptions to said will, or to the rejection thereof. Issues respecting the competency of the deceased to make a last will and testament, or respecting the execution by a deceased of the last will and testament under restraint or undue influence or fraudulent representations, or for any other cause affecting the validity of the will or a part of it, shall be tried and determined by the court.
>
> For the purpose of tolling the four-month limitations period, a contest is deemed commenced when a petition is filed with the court and not when served upon the personal representative. *The petitioner shall personally serve the personal representative within ninety days after the date of filing the petition. If, following filing, service is not so made, the action is deemed to not have been commenced for purposes of tolling the statute of limitations.*
>
> If no person files and serves a petition within the time under this section, the probate or rejection of such will shall be binding and final.[14]

Jepsen filed his will contest petition within the required four-month period, but he did not serve the personal representative. The Estate filed its response to the petition without referring to the lack of service. The issue presented is whether, under RCW 11.24.010, personal service may be waived or whether service within the 90-day tolling period is an absolute requirement. It is clear under Washington law that the four-month filing requirement of RCW 11.24.010 is mandatory,[15] but no cases have directly addressed whether service of the summons and petition is also mandatory or whether it may be waived by failing to timely raise lack of service.

Generally, failure to timely serve a party is a defense that may be waived. "Proper service of the summons and complaint is a prerequisite to the court obtaining

---

[14] (Emphasis added.)

[15] Toth, 138 Wn.2d at 654-57.

personal jurisdiction over a party."[16] Under CR 12(h), a challenge to personal jurisdiction must be asserted either by motion filed before filing the answer or in the answer.[17] And generally, when a party files a lawsuit within the limitations period, then RCW 4.16.170 tolls the limitations period for an additional 90 days to allow the plaintiff to serve the lawsuit:

> For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint.

These general rules provide context for an analysis of the will contest statute.

In re Estate of Kordon deals with a former version of the will contest statute but provides guidance.[18] There, the Supreme Court considered whether the superior court correctly dismissed a petitioner's will contest because the petitioner failed to request and timely issue a citation on the personal representative, as required by former RCW 11.24.020 (1965). The court held that the "citation" referred to in the former version of the statute was equivalent to a civil summons.[19] The court concluded that service of a citation in a will contest was essential to invoke *personal jurisdiction* over

---

[16] Scanlan v. Townsend, 178 Wn. App. 609, 617, 315 P.3d 594 (2013); see also Adkinson v. Digby, Inc., 99 Wn.2d 206, 208-10, 660 P.2d 756 (1983) (analyzing whether or not a defense of insufficient service of process was waived); Clark v. Falling, 92 Wn. App. 805, 965 P.2d 644 (1998) (same).

[17] See King v. Snohomish County, 146 Wn.2d 420, 424, 47 P.3d 563 (2002) (holding that defense was not dilatory because it was first raised in the defendant's answer); Meade v. Thomas, 152 Wn. App. 490, 493-94, 217 P.3d 785 (2009) (holding that defendant may waive the defense of failure to serve by failing to raise it in his or her answer or in a motion to dismiss).

[18] 157 Wn.2d 206, 137 P.3d 16 (2006).

[19] Id. at 210.

the parties, stating that "failure to issue a citation deprives the court of personal jurisdiction over the party denied process."[20] The court held that former RCW 11.24.020 implicitly adopted the requirements of the superior court civil rules, including the 90-day tolling provision of RCW 4.16.170.[21] The Kordon court concluded that "a party contesting a will may request and serve citations any time within the four-month statute of limitations on bringing a will contest or any time within 90 days of timely filing a petition contesting the will."[22] Kordon's analysis of the will contest statute would be consistent with any statute of limitations subject to a 90-day tolling period to complete service.

In 2007, the legislature amended RCW 11.24.010, incorporating aspects of the holding in Kordon.[23] As amended, RCW 11.24.010 provides a four-month statute of limitations and allows a 90-day tolling of that statute of limitations after filing to accomplish service of a summons, rather than a citation.[24] The new language closely

---

[20] Id.

[21] Id. at 213.

[22] Id.

[23] Former RCW 11.24.010 (1994) did not include a provision for tolling the filing period. It provided that "[i]f any person interested in any will shall appear within four months immediately following the probate or rejection thereof, and by petition to the court having jurisdiction contest the validity of said will, or appear to have the will proven which has been rejected, he or she shall file a petition containing his or her objections and exceptions to said will, or to the rejection thereof. Issues respecting the competency of the deceased to make a last will and testament, or respecting the execution by a deceased of the last will and testament under restraint or undue influence or fraudulent representations, or for any other cause affecting the validity of such will or a part of it, shall be tried and determined by the court. If no person shall appear within the time under this section, the probate or rejection of such will shall be binding and final."

[24] See RCW 11.24.020 (incorporating the TEDRA summons provision of RCW 11.96A.100).

tracks both Kordon and RCW 4.16.170, and it is entirely consistent with the general rule providing a 90-day tolling for service.[25] The Estate provides no compelling argument why the service requirement in the current RCW 11.24.010 should be considered any differently than service provisions generally. We conclude that failure to serve the personal representative implicated personal jurisdiction, not subject matter jurisdiction or authority to invoke subject matter jurisdiction. If a petitioner satisfies the mandatory four-month filing requirement for a will contest, an estate waives its defense of lack of personal service if it does not raise that defense in its answer or in a motion filed prior to its answer.

Here, Jepsen filed his will contest petition three months after the will was admitted to probate, well within the four-month deadline. He also e-mailed the Estate's attorney a copy of the petition. Although he failed to serve the personal representative of the Estate within the 90-day tolling period, the Estate waived its personal jurisdiction defense by failing to timely raise the lack of service.

The Estate argues that summary judgment is appropriate because the final sentence of RCW 11.24.010 indicates that personal service is necessary to invoke the trial court's subject matter jurisdiction or authority to consider a will contest. The statute states that "if no person *files and serves* a petition within the time under this section, the probate or rejection of such will *shall be binding and final.*"[26] The Estate suggests that the "binding and final" language reveals the legislature's intent to make personal service

---

[25] Although RCW 4.16.170 also tolls the statute of limitations for filing when service was timely completed, this general provision in not applicable for will contests because RCW 11.24.010 specifically mandates filing within four months.

[26] RCW 11.24.010 (emphasis added).

a mandatory requirement for a will contest that cannot be waived. But the "binding and final" language was included in the former version of the will contest statute. Whether viewed under the general 90-day tolling provision of RCW 4.16.170, as in Kordon, or the specific 90-day tolling provision of the current RCW 11.24.010, failure to complete service goes to personal jurisdiction and can be waived. Additionally, other statutes with similar "final" language regarding procedural requirements have been interpreted to allow waiver of time bar defenses.[27]

The Estate's other arguments are not persuasive. It relies upon In re Estate of Peterson[28] for the proposition that the service provisions of the will contest statute cannot be waived. But the holding in Peterson is limited to rejection of any discovery rule to extend the time allowed to commence a will contest, with no analysis of the service requirements. The Estate cites a variety of unrelated statutes as support for its non-waiver argument. But those statutes, e.g., the Land Use Petition Act and various non-claim statutes, are not analogous to the will contest statute.

---

[27] See In re Estate of Palmer, 145 Wn. App. 249, 258-59, 187 P.3d 758 (2008) (holding that one-year period under RCW 11.11.070(3), in which a testamentary beneficiary may claim a nonprobate asset after the owner's death, does not affect the court's jurisdiction but attaches only to the claim itself and may be waived if a party fails to plead it in his or her answer or in a CR 12 motion); Alexander v. Food Servs. of Am., Inc., 76 Wn. App. 425, 428-29, 886 P.2d 231 (1994) (holding that requirement that a parent must join a suit for damages arising out of the injury of a minor child within 20 days under RCW 4.24.010 is analogous to a statute of limitations, and defense of failure to timely file is not self-executing but must be timely raised in the defendant's answer or another appropriate pleading or it is waived).

[28] 102 Wn. App. 456, 464, 9 P.3d 845 (2000).

Finally, the policy of expediting will contests is satisfied by the four-month mandatory filing period.[29] The position advocated by the Estate would allow an estate to wait for months or years to challenge the outcome of a timely filed will contest as void, even if the estate failed to raise a lack of service defense in its answer. The Estate provides no legislative history or persuasive policy supporting its view.

Both the Estate and Jepsen request attorney fees on appeal. RCW 11.24.050 allows an award in a will contest in the discretion of the court. RCW 11.96A.150 allows an award in estate dispute resolutions in the court's discretion "as the court determines to be equitable." Having considered the equities, we decline to award any fees on this appeal.

Affirmed.

WE CONCUR:

Trickey, J

---

[29] If the personal representative has not been served within the 90-day tolling period, then the estate may promptly move to dismiss any pending will contest for lack of personal jurisdiction, so long as the estate has not waived that defense.

10