**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| MINNIE THOMAS and LAWRENCE WILLIAMS, | No. 81718-3-I |
| Appellants, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| REDMOND POLICE DEPARTMENT, | |
| Respondent. | |

MANN, C.J. — Minnie Thomas and Lawrence Williams appeal the dismissal of their personal injury action against Redmond Police Department (RPD), as well as the trial court's order striking their motion for a default judgment and denying the motion on its merits. Because Thomas and Williams fail to demonstrate error, we affirm.

## FACTS

On November 1, 2019, Minnie Thomas and Lawrence Williams filed a pro se complaint against RPD. Thomas and Williams alleged that on November 4, 2016, a team of police officers violated their civil rights during an "unwarranted welfare check/illegal raid" at their residence in Redmond. They also brought claims against RPD for invasion of privacy, conspiracy, assault, "unlawful commitment," "false report and entrapment," intentional infliction of emotional distress, "defamation of

Citations and pin cites are based on the Westlaw online version of the cited material.

character/slander/libel," and "retaliation, property damage, aid and abetting." The complaint sought $3,000,000 in damages.

On January 30, 2020, the King County Sheriff's Department filed a non-service notice indicating that its attempt to serve the summons and complaint was unsuccessful. Specifically, the notice stated that "Janet Masud, Legislative Records Manager, declined to accept on behalf of Redmond Police Department." Around the same time, an unidentified individual delivered a copy of the summons and complaint to RPD's office.

On February 21, 2020, counsel for RPD entered a notice of appearance on behalf of RPD and mailed a copy to Thomas and Williams in accordance with CR 4(a)(3). However, due a typographical error in the address, Thomas and Williams apparently did not receive it.

On March 19, 2020, Thomas and Williams filed a motion for order of default judgment directly into the court file without separately filing a notice of court date as required by KCLCR 7(b)(5)(A). Thomas and Williams asserted that they were entitled to a default judgment because RPD failed to appear within 20 days after service. Thomas and Williams acknowledged that they did not serve RPD with a copy of the motion on the ground that they did not know the name or address of RPD's counsel.

On April 10, 2020, counsel for RPD discovered the typographical error in Thomas and Williams' address. Counsel mailed a copy of the notice of appearance to the correct address the following day.

On April 24, 2020, RPD filed a motion to strike Thomas and Williams' motion for a default judgment. RPD argued that the motion should be stricken because Thomas

2

and Williams failed to separately file a notice of hearing as required by KCLCR 7 and failed to provide notice to RPD five days prior to the hearing date as required by CR 55(a)(3). On the same day, RPD also filed a motion to dismiss Thomas and Williams' complaint in accordance with CR 12(b)(2) and CR 12(b)(5). RPD argued that dismissal with prejudice was warranted because Thomas and Williams failed to achieve service of process before the statute of limitations expired for all claims asserted in the complaint. RPD requested that the motion to strike be heard on May 8 and the motion to dismiss be heard on May 26.

Thomas and Williams sent several letters to the trial court and the bailiff, but did not timely file a response to RPD's motion to strike. After RPD filed its reply, Thomas and Williams filed three untimely documents, including a joint declaration, a motion to dismiss RPD's motion to strike, and a "second reply" to RPD's motion to strike.

On May 8, 2020, the trial court struck and denied Thomas and Williams' motion for a default judgment. The court ruled that the motion was procedurally defective because the plaintiffs failed to provide the required notice to the court or defendants. The court further ruled that the motion failed on its merits because the plaintiffs did not provide proof of proper service and because they submitted no competent evidence in support of the proposed judgment. The court also noted that on March 27, 2020, the presiding judge of the King County Superior Court issued Emergency Order No. 15, indicating that no default motion would be considered during the period set forth in the order, and that the order was reaffirmed in Emergency Order No. 17, which extended the period until June 5, 2020. Accordingly, the court stated that it would not consider any renewed default motion unless brought after the Emergency Order is lifted. Lastly,

3

the court denied Thomas and Williams' motion to dismiss RPD's motion to strike because it was untimely and lacked merit.

Meanwhile, Thomas and Williams failed to file a response to RPD's motion to dismiss. Instead, on May 15, 2020, they filed a motion for a month-long continuance of the hearing date on the motion. RPD opposed the motion, arguing that it was untimely and failed to offer any valid reason for a continuance. On May 20, 2020, Thomas and Williams filed a motion seeking to have the trial court lift Emergency Order No. 15 on the ground that it prevented them from filing a motion for reconsideration regarding the order striking and dismissing their motion for default. On May 21, 2020, RPD filed a reply in support of its motion to dismiss, noting that its motion was unopposed and that dismissal was proper for lack of proof of service.

On May 26, 2020, the trial court denied Thomas and Williams' untimely motion to continue and struck without prejudice their motion to lift Emergency Order No. 15. On May 27, 2020, the court granted RPD's motion to dismiss the complaint with prejudice on the ground that Thomas and Williams failed to properly serve RPD before the statutes of limitation expired on their claims.

On June 5, 2020, Thomas and Williams moved for an emergency order extending the time to file a motion for reconsideration of the trial court's order striking and denying their motion for a default judgment. RPD opposed the motion. The court denied the motion and also ruled that, to the extent Thomas and Williams sought reconsideration, such relief was denied.

Thomas and Williams appeal.

4

ANALYSIS

We hold pro se litigants to the same rules of procedure and substantive law as an attorney. In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993). With this in mind, we proceed to analyze the issues presented in this case.

A. Motion to Dismiss

Thomas and Williams argue that the trial court erred in dismissing their complaint with prejudice. RPD contends that dismissal was proper because Thomas and Williams failed to serve RPD before the statutes of limitation expired on their claims. We agree with RPD.

A civil action is deemed commenced when the complaint is filed or when the summons and complaint are served on the defendant. CR 3(a). For purposes of tolling the statute of limitations, if the complaint is filed before the summons is served, the plaintiff must serve the defendant within 90 days of filing the complaint. RCW 4.16.170. If the plaintiff does not serve the defendant within 90 days of filing, the action will be treated as if it had not been commenced. RCW 4.17.170; Wothers v. Farmers Ins. Co. of Wash., 101 Wn. App. 75, 79, 5 P.3d 719 (2000). "When a defendant challenges service of process, the plaintiff has the initial burden of proof to establish a prima facie case of proper service." Northwick v. Long, 192 Wn. App. 256, 261, 364 P.3d 1067 (2015). Whether service of process was proper is a question of law reviewed de novo. Scanlan v. Townsend, 178 Wn. App. 609, 617, 315 P.3d 594 (2013).

Thomas and Williams never produced proof of service or a declaration from a person purporting to have effectuated service. The only evidence in the court file

regarding service was a non-service notice from the King County Sheriff's Department. Thus, Thomas and Williams failed to establish proof of proper service.[1]

Thomas and Williams repeatedly assert that service was proper because a copy of the summons and complaint was delivered to RPD's office. But service of a summons on a city can only be accomplished by delivering a copy to "the mayor, city manager, or, during normal office hours, to the mayor's or city manager's designated agent or the city clerk thereof." RCW 4.28.080(2); CR 4(d)(2).[2] Thomas and Williams did not cause a copy of the summons and complaint to be delivered to any of the entities set forth in RCW 4.28.080(2). They further assert that RPD's notice of appearance constitutes an acknowledgement of proper service. But filing a notice of appearance does not waive the defense of insufficient service of process. See CR 4(d)(5) (voluntary appearance of a defendant does not preclude challenge to jurisdiction, insufficiency of process, or insufficiency of service of process pursuant to CR 12(b)).

Because Thomas and Williams failed to serve RPD within 90 days of filing their complaint, they failed to commence their lawsuit. "An action must commence before the statute of limitation has run." Unisys Corp. v. Senn, 99 Wn. App. 391, 397-98, 994 P.2d 244 (2000). "The purpose of statutes of limitations is to shield defendants and the judicial system from stale claims." Crisman v. Crisman, 85 Wn. App. 15, 19, 931 P.2d 163 (1997). The statute of limitations period begins to run when the plaintiff's cause of

---

[1] We also note that RPD is not a legal entity capable of being sued. Jurisdiction over RPD is properly achieved by suing the City of Redmond. See Nolan v. Snohomish County, 59 Wn. App. 876, 883, 802 P.2d 792 (1990).

[2] CR 4(d)(2) provides: "Personal in State. Personal service of summons and other process shall be as provided in RCW 4.28.080–.090, 23B.05.040, 23B.15.100, 46.64.040, and 48.05.200 and .210, and other statutes which provide for personal service."

action accrues.  Crisman, 85 Wn. App. at 20.  This generally occurs when the plaintiff suffers some form of injury or damage.  In re Estates of Hibbard, 118 Wn.2d 737, 744, 826 P.2d 690 (1992).

Thomas and Williams allege that the "unwarranted welfare check/illegal raid" took place on November 4, 2016, more than three years and five months prior to RPD's motion to dismiss.  The statute of limitations for libel, slander, assault, assault and battery, false imprisonment, and invasion of privacy is two years.  RCW 4.16.100(1); Eastwood v. Cascade Broad. Co., 106 Wn.2d 466, 469, 722 P.2d 1295 (1986).  A civil rights claim under 42 U.S.C. § 1983 has a three-year statute of limitations, as does a claim for civil conspiracy.  Southwick v. Seattle Police Officer John Doe #s 1-5, 145 Wn. App. 292, 297, 186 P.3d 1089 (2008).  The statute of limitations for intentional infliction of emotional distress is also three years.  RCW 4.16.080(2).  Thomas and Williams' claims for "false report and entrapment" and "retaliation, property damage, and aid and abetting" are not recognized civil claims under Washington law.  To the extent they are construed as claims for civil rights violations or injury to property, the statute of limitations is three years.

Because the statute of limitations had run on all of the claims in the complaint, the trial court properly dismissed it with prejudice.

B.  Motion for Default Judgment

Thomas and Williams argue that the trial court erred in striking and dismissing their motion for a default judgment.  They contend that they are plainly entitled to a default judgment because RPD failed to timely appear after having been properly served.  We disagree.

7

"Default judgments are generally disfavored in Washington based on an overriding policy which prefers that parties resolve disputes on the merits." Showalter v. Wild Oats, 124 Wn. App. 506, 510, 101 P.3d 867 (2004). We review the trial court's decision on a motion for default judgment for abuse of discretion. Morin v. Burris, 160 Wn.2d 745, 753, 161 P.3d 956 (2007). Discretion is abused if it is exercised without tenable grounds or reasons. State ex rel. Carroll v. Junker, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). A trial court's decision to strike a motion is also reviewed for abuse of discretion. King County Fire Prot. Dists. No. 16, No. 36, & No. 40 v. Hous. Auth. of King County, 123 Wn.2d 819, 826, 872 P.2d 516 (1994).

CR 55(a)(1) allows entry of a default judgment against a party who has failed to appear. Under CR 4(a)(3), a "notice of appearance" shall "be in writing, shall be signed by the defendant or the defendant's attorney, and shall be served upon the person whose name is signed on the summons." The appearance requirement may be satisfied informally through the doctrine of substantial compliance. Morin, 160 Wn.2d at 749. To determine if a party has substantially complied, the court examines the defendant's relevant conduct after litigation has commenced to determine if it was designed to, and, in fact, did apprise the plaintiff of the defendant's intent to litigate the case. Morin, 160 Wn.2d at 755. A party who has appeared is entitled to written notice of the motion for default. CR 55(a)(3). "Because default judgments are disfavored, the concept of 'appearance' is to be construed broadly for purposes of CR 55." Servatron, Inc. v. Intelligent Wireless Prods., Inc., 186 Wn. App. 666, 675, 346 P.3d 831 (2015).

Here, on February 21, 2020, RPD timely filed a notice of appearance with the court and mailed a copy to Thomas and Williams. Although they apparently did not

8

receive it due to a typographical error in the address, counsel for RPD promptly acted to serve the notice of appearance to the correct address as soon as he discovered the problem. Thus, RPD substantially complied with the appearance requirements of CR 4(a)(3) and was entitled to notice of the motion for default judgment 5 days prior to the hearing date. CR 55(a)(3). Thomas and Williams did not provide any such notice. Thomas and Williams also failed to separately file a notice of court date as required by KCLCR 7(b)(5)(A) and provide working copies to the trial court as required by KCLCR 7(b)(4)(F). Thus, the trial court properly struck the motion.

Moreover, even assuming that Thomas and Williams had provided proper notice of their motion to the court and to RPD, the trial court properly denied the motion for default judgment because it failed on its merits. The trial court must assess both its jurisdiction and the sufficiency of the complaint prior to entering a default judgment. Kaye v. Lowe's HIW, Inc., 158 Wn. App. 320, 330, 242 P.3d 27 (2010).

CR 55(b)(4) precludes entry of a default judgment "unless proof of service is on file with the court." The purpose of this rule "is to ensure that the trial court has personal jurisdiction over the party in default prior to entering a default judgment." Kaye, 158 Wn. App. at 328 n.7. "Proper service of the summons and complaint is a prerequisite to the court obtaining jurisdiction over a party." Goettemoeller v. Twist, 161 Wn. App. 103, 107, 253 P.3d 405 (2011) (quoting Woodruff v. Spence, 76 Wn. App. 207, 209, 883 P.2d 936 (1994)). "When a court lacks personal jurisdiction over a party, the judgment obtained against that party is void." Rodriguez v. James-Jackson, 127 Wn. App. 139, 143, 111 P.3d 271 (2005). Here, as discussed above, the trial court lacked personal jurisdiction because Thomas and Williams failed to provide proof of proper service.

9

In addition, "the party seeking a default judgment [must] set forth facts supporting, at a minimum, each element of the claim." Friebe v. Supancheck, 98 Wn. App. 260, 268, 992 P.2d 1014 (1999). Mere unsupported legal conclusions are insufficient to support a default judgment. Caouette v. Martinez, 71 Wn. App. 69, 78, 856 P.2d 725 (1993). Thomas and Williams offered no evidence whatsoever in support of their claim. As the trial court correctly noted, "[p]laintiff's complaint is not evidence." The trial court did not abuse its discretion in striking and denying the motion for a default judgment.

C. Other Assignments of Error

Thomas and Williams assign error to several other rulings and actions of the trial court. None have merit.

Motion to Lift Emergency Order No. 15.

Thomas and Williams argue that the trial court erred in striking their motion to lift Emergency Order No. 15. They contend that the trial court "cunningly" issued Emergency Order No. 15 in a deliberate effort to prevent their default motion from being granted and to give RPD additional time to file a motion to dismiss.

Thomas and Williams are incorrect. Emergency Order No. 15 is part of a series of emergency orders entered by the presiding judge of the King County Superior Court in response to the COVID-19 pandemic.[3] As such, the order is applicable to all civil cases within King County, not just Thomas and Williams' case. Moreover, Thomas and Williams' motion did not comply with the time requirements of the court rules and the

---

[3] As these orders alter the trial court rules applicable in this case, it is appropriate for this court to take judicial notice of them. RAP 10.4(c); Swak v. Dep't of Labor & Indus., 40 Wn.2d 51, 53, 240 P.2d 560 (1952) (appellate court may take judicial notice of the record in the case presently before the court or "in proceedings engrafted, ancillary, or supplementary to it").

emergency orders. <u>See</u> KCLCR 7(b)(5)(A); Emergency Orders Nos. 15 and 17 (requiring motions governed by KCLCR 7(b) to be served and filed no later than nine court days before the date the party wishes the motion to be considered); CR 5(b)(2)(A) (service by mail deemed complete upon the third day after mailing). The trial court did not abuse its discretion in striking the motion.

<u>Motion for a Continuance</u>

Thomas and Williams argue that the trial court erred in denying their motion for a continuance of RPD's hearing on the motion to dismiss. We review a superior court's decision to deny a motion for a continuance for a manifest abuse of discretion. <u>Doyle v. Lee</u>, 166 Wn. App. 397, 403-04, 272 P.3d 256 (2012). "In exercising discretion to grant or deny a continuance, trial courts may consider many factors, including surprise, diligence, redundancy, due process, materiality, and maintenance of orderly procedure." <u>State v. Downing</u>, 151 Wn.2d 265, 273, 87 P.3d 1169 (2004).

Thomas and Williams argue that a month-long continuance was warranted "during the COVID-19 pandemic, to gather crucial evidence to try to prevent the trial court from granting" RPD's motion to dismiss. However, they did not provide any details regarding what evidence they sought or how it was necessary to respond to RPD's motion. Thus, they failed to explain why the continuance should be granted. Moreover, they filed the motion for a continuance without separately filing a notice of court date as required by KCLCR 7(b)(5)(A). And the motion was untimely pursuant to Emergency Order No. 15. The trial court did not abuse its discretion in denying the motion.

Motion to Extend Time for Filing a Motion for Reconsideration

Thomas and Williams argue that the trial court erred in denying their motion to extend time allowed under CR 59 to file a motion for reconsideration. We review a trial court's decision on a motion to enlarge time under CR 6(b) for abuse of discretion. Clipse v. Commercial Driver Srvs., Inc., 189 Wn. App. 776, 786, 358 P.3d 464 (2015).

Courts have authority to enlarge time deadlines when the request is made before the period has expired. CR 6(b)(1). After the deadline expires, courts may accept late filings under certain circumstances. CR 6(b)(2). But that rule expressly bars courts from extending time for taking any action under CR 59(b). Here, Thomas and Williams moved to extend the time allowed under CR 59 for reconsideration more than two weeks after the deadline had passed. Because the court lacked authority to grant the motion, it did not abuse its discretion in denying it.

Notice of Appeal

Thomas and Williams assign error to the filing of their appeal by the trial court. But they provide no argument or citation to authority in support of this claim. We need not consider it. RAP 10.3(a)(6); Cowiche Canyon Conservatory v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

D. Motion to Modify Commissioner's Ruling

On June 21, 2021, Thomas and Williams filed their opening brief in this appeal. RPD timely filed its respondent's brief with this court on July 21, 2021. On August 25, 2021, Thomas and Williams filed a motion in this court to sanction RPD for failing to serve them with a copy of their respondent's brief in this appeal pursuant to RAP 18.5. On September 2, 2021, a commissioner of this court denied the motion. In so ruling,

the commissioner stated: "While asserting 'time is of the essence,' Thomas and Williams have sought and obtained multiple extensions in filing the record and their opening brief."

Thomas and Williams moved to modify the commissioner's ruling. They argued that sanctions are warranted because RPD failed to seek an extension and because the rules should apply equally to all parties. RPD filed a response to Thomas and Williams' motion to modify. RPD stated that it timely filed a copy of its respondent's brief with this court on July 21, 2021 and mailed a copy to Thomas and Williams on the same day in accordance with RAP 18.5(a) and CR 5(b). However, due to a typographical error in the address, Thomas and Williams did not receive it. On August 10, 2021, counsel for RPD received an e-mail notifying him of the error. He immediately mailed a copy of the brief via priority overnight delivery, but did not request a signature to confirm receipt. On August 31, 2021, RPD received a copy of Thomas and Williams' motion for sanctions, in which they claimed that they still had not received a copy of the brief. RPD immediately mailed another copy via first class mail. The following day, RPD received e-mail confirmation that it had been delivered. RPD subsequently sent a letter to Thomas and Williams indicating that it did not object to an extension of time to file their reply. On September 15, 2021, this court granted Thomas and Williams a 30-day extension of time to file their reply brief.

"The appellate court will ordinarily impose sanctions under rule 18.9 for failure to timely file and serve a brief." RAP 10.2(i). "The appellate court on its own initiative or on motion of a party may order a party or counsel, . . . who uses these rules for the purpose of delay, files a frivolous appeal, or fails to comply with these rules to pay terms

13

or compensatory damages to any other party who has been harmed by the delay or the failure to comply or to pay sanctions to the court. RAP 18.9(a). "In construing statutes and court rules . . . words like 'may' are permissive and discretionary." <u>State v. Stivason</u>, 134 Wn. App. 648, 656, 142 P.3d 189 (2006).

Thomas and Williams argue that it would be unfair and unjust to disregard RPD's carelessness in mailing its response brief to the incorrect address and in failing to confirm whether the mailed brief had been received. Although the repeated typographical errors were sloppy, there is no indication that RPD acted for purposes of delay. And Thomas and Williams have not shown that they were harmed thereby. The motion to modify the commissioner's ruling is therefore denied.

Affirmed.

_____
Mann, C.J.

WE CONCUR:

_____
Andrus, A.C.J.

_____
Verellen, J.